Roy Glenn **LIEBERMAN**, Plaintiff-Appellant,

v.

Norton Monroe **LIEBERMAN**, Defendant-Respondent.

No. 35544.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 17, 1974.

---

Schramm & Morganstern, M. Harvey Pines, Clayton, for plaintiff-appellant.

Newmark & Baris, Irl B. Baris, St. Louis, for defendant-respondent.

RENDLEN, Judge.

This appeal is from the dismissal of plaintiff's petition seeking judgment against his divorced father for payment of plaintiff's college expenses. On attaining his majority plaintiff instituted suit against his father by petition containing the following allegations and prayer:

"1. That on the 16th day of October, 1972, the plaintiff attained his majority and became twenty-one years of age.

2. That the defendant is the natural father of the plaintiff and is well able to financially support the plaintiff as hereinafter prayed for.

3. That the plaintiff is a student and is now enrolled at the University of Missouri at Columbia, Missouri, and has ably demonstrated his fitness and ability to perform and succeed in an education of the college level.

4. That the plaintiff does not have sufficient funds, nor is he financially able to pay for his support and maintenance at the University of Missouri, or to defray the other necessary expenses of a college education.

5. That although the plaintiff has attained his majority, the plaintiff is unable to earn funds necessary to support himself or to defray the expenses above referred to.

6. That plaintiff has insufficient funds to prosecute this action or to pay his attorney. WHEREFORE, plaintiff prays for an order of support for his entire college education expenses beyond the age of twenty-one years, reasonable attorneys' fees, costs of suit and court costs, and for such other and further orders, judgments and decrees as to the Court may seem meet and proper in the premises."

The court sustained defendant's motion to dismiss for failure to state a claim and plaintiff appeals.

■ In May 1974, during pendency of this appeal, plaintiff graduated from the University of Missouri and defendant moved to dismiss the appeal for mootness. Plaintiff's petition seeks an order of support for plaintiff's "entire college education expenses beyond the age of twenty-one years". The controversy between the parties as to respondent's duty to provide support, the amount and related issues are not extinguished by the fact of graduation; indeed, the measure of relief now retrospective, is more readily ascertainable. Our judgment will have direct bearing upon those phases of an existing controversy; justiciable issues remain. State ex rel. Kramer v. Carroll, 309 S.W.2d 654, 657 (Mo.App.1958). Defendant's motion is denied.

In Block v. Lieberman, 506 S.W.2d 485, 486 (Mo.App.1974), Delores Ruth Block, mother of plaintiff-appellant here, sought an order requiring the divorced father to pay for the minor son's "college education including that portion of the education after the boy reached 21." The court in that case, while not reaching the question of a father's obligation to provide educational costs to an adult child, pointed out that when the child reached twenty-one, if an obligation to provide support exists, he may proceed in his own right in a separate suit to establish such obligation.

■ In passing on the sufficiency of the petition we take as true the facts alleged and draw all favorable inferences, fairly deducible therefrom. Johnson v. Great Heritage Life Ins. Co., 490 S.W.2d 686, 690 (Mo.App.1973). "If the facts pleaded, and the reasonable inferences to

be drawn therefrom, looked at most favorably from plaintiffs' standpoint, show any ground for relief then the amended petition should not have been dismissed." Young v. Lucas Construction Co., 454 S.W.2d 638, 641 [5] (Mo.App.1970). The plaintiff, by his petition, asserts the parental obligation to provide support and seeks benefits as an adult child. Absent special circumstances, a parent is under no duty to support an adult child. 67 C.J.S. Parent and Child § 17, p. 704. This general rule found application in State ex rel. Kramer v. Carroll, *supra*, at 659 [9], as follows:

"Ordinarily, however, in the absence of constitutional or statutory provisions or contractual relations to the contrary, the obligation of the parent to support a child ceases when the child reaches his majority . . . The law regards the normal child as capable of supporting himself at the age of twenty-one years."

A recognized exception occurs where the adult child is unmarried, unemancipated and insolvent and physically or mentally incapacitated from supporting himself. Fower v. Fower Estate, 448 S.W.2d 585 (Mo.1970). The parental duty of support in such cases may continue past chronological majority when, because of physical or mental infirmity, the child is unable to provide for his support and undertake the responsibilities normally associated with his age. The duty on the parent to provide post-majority support arises not from the nature of the support or benefits sought, but from the condition of the child seeking the benefit.

Since appellant's petition did not allege facts giving rise to a duty for post-majority parental support, his suit was properly dismissed as failing to state a claim.

We affirm the action of the trial court.

DOWD, C. J., and WEIER and CLEMENS, JJ., concur.