Charlotte A. HURTGEN,
Petitioner-Respondent,

v.

Donald R. HURTGEN,
Respondent-Appellant.

No. 44072.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 1982.

Herbert B. Williams, Clayton, for respondent-appellant.

LeRoy Crouther, St. Louis, Leonard D. Vines, Clayton, for petitioner-respondent.

CRIST, Judge.

Marriage dissolution of a seventeen year marriage and involving three children ages 6, 9, and 12. Wife was awarded primary custody of the children, $100.00 per month per child for child support and one dollar per year maintenance. Husband appeals the division of marital property. We find substantial evidence for the court's order regarding marital property and affirm the trial court's judgment.

Husband puts forth six points relied on with reference to the division of marital property. We find:

(1) There was substantial evidence for the court to find the real estate was worth $77,000.00. Believability of witnesses is for the trial court. Rule 73.01(c)(2);

 (2) The trial court properly awarded husband $17,560.00 secured by a lien against the future sale of the marital residence, such sum of $17,560.00 constituting approximately one-third of the net realizable equity in said residence in that: (a) the lien was secured by a note bearing 9 percent interest; and (b) the residence was awarded to wife to secure a home for the children until the youngest child attained the age of 18. *In re Marriage of Schwartzkopf*, 624 S.W.2d 23, 25 (Mo.App.1981). *See Klinge v. Klinge*, 554 S.W.2d 474 (Mo.App.1977) and *Ortman v. Ortman*, 547 S.W.2d 226 (Mo.App.1977);

 (3) The allocation of marital assets was not too disproportionate considering the earning power of husband and wife, wife's obligation to pay all expenses of the residence, wife's responsibility to care for the children and the marital misconduct of husband. *In re Marriage of Pehle*, 622 S.W.2d 711, 713 (Mo.App.1981);

 (4) The trial court properly awarded wife one-half of a present distribution ($2,000.00) of husband's retirement plan. Husband was awarded his retirement plan, but this sum of $2,000.00 was previously paid to husband in cash. Section 452.330, RSMo. 1978;

(5) The dissolution decree was sufficiently specific. Husband did not request specific findings of fact and conclusions of law. *Waitsman v. Waitsman*, 599 S.W.2d 42, 43 (Mo.App.1980); and

 (6) The trial court did not err in omitting to enter findings regarding the party's outstanding income tax liability because debts are not property for purposes of division of marital property. *N. J. W. v. W. E. W.*, 584 S.W.2d 148, 151 (Mo.App.1979).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.