**In re the MARRIAGE OF Betty L. KLUBA, Respondent,**

**and**

**Urban J. Kluba, Appellant.**

**No. 45407.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

E.A. Stierberger, Union, for appellant.

Thomas J. Briegel, Union, for respondent.

CRANDALL, Presiding Judge.

Appellant-husband appeals from a decree of dissolution of marriage. He contends that the trial court erred in its division of marital property; in awarding respondent-wife maintenance; in awarding attorney's fees; and in ordering him to assume a debt of the parties' emancipated daughter. We

affirm in part and reverse and remand in part.

The parties had been married for twenty-four years at the time of the dissolution. Four children were born of the marriage, three of whom are living. The oldest daughter is twenty-two years old and is attending college in Kansas City, Missouri. Substantial evidence was adduced that the daughter had borrowed $7,500 in student loans. The parties possessed a $13,000 certificate of deposit which they had agreed to use for their daughter's college education. Rather than paying their daughter's college expenses directly, however, the parties elected to have her borrow the money from a lending institution as a student loan because of the favorable interest rate. Respondent still wishes to honor the agreement to use $7,500 of the certificate of deposit to pay the daughter's college expenses, but appellant does not. There was conflicting testimony regarding whose signatures appeared on the notes evidencing the student loan. There was no evidence presented of the date or dates of execution of the notes or their terms. The notes themselves were not offered in evidence. Nor was there any evidence of the date of the agreement between the parties regarding their daughter's educational expenses.

The trial judge found the $7,500 debt to be marital property. He awarded the $13,-000 certificate of deposit to the appellant but ordered him to pay the $7,500 student loan and to hold his wife and daughter harmless from the debt.

A debt owed by the spouses is not marital property. *Hurtgen v. Hurtgen,* 635 S.W.2d 69, 70 (Mo.App.1982). The existence and extent of debts does, of course, affect the fairness of the way in which assets are divided. *N.J.W. v. W.E.W.,* 584 S.W.2d 148, 151 (Mo.App.1979). Based on the record before us, the order to appellant to pay the $7,500 student loan is an order to pay child support even though the payment is to be made to a third party rather than the custo-dial parent. *Toomey v. Toomey,* 636 S.W.2d 313, 315 (Mo. banc 1982). "Absent special circumstances, a parent is under no duty to support an adult child." *Lieberman v. Lieberman,* 517 S.W.2d 478, 480 (Mo.App.1974). A recognized exception occurs when the adult child is unmarried, unemancipated, insolvent, and physically or mentally incapacitated from supporting himself. *Id.* at 480. This exception is not applicable to this case because the daughter is emancipated. Thus, it was error for the trial court to order the appellant to pay the debt and hold his *emancipated* daughter harmless from any obligations on the debt.

That portion of the decree which orders appellant to pay the debt of his emancipated daughter is reversed. The case is remanded to give the trial court an opportunity to reconsider the division of marital property, in particular the $13,000 certificate of deposit, in light of this opinion. On remand, the trial court may consider hearing additional evidence regarding the division of the $13,000 certificate of deposit; the date, if any, of the agreement between the parties for the payment of their daughter's educational expenses; the obligations, if any, of the parties and their daughter to the lending institution; and such other evidence as the trial court deems appropriate.

We have considered appellant's remaining contentions and carefully studied the transcript and the legal file in this case. Our review of the record leads us to the conclusion that the remainder of the trial court's decree is supported by substantial evidence and is not against the weight of the evidence. Further, the trial court did not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion on these points would have no precedential value and, therefore, that portion of the decree is affirmed in accordance with Rule 84.16(b).

The judgment of the trial court is affirmed in part and reversed and remanded in part.

REINHARD and CRIST, JJ., concur.