Lodell PARKS, Appellant,

v.

Armentris PARKS, Respondent.

No. 44115.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 1983.

Margaret Bush Wilson, Wilson, Smith & McCullin, St. Louis, for appellant.

Forriss D. Elliott, St. Louis, for respondent.

CLEMENS, Senior Judge.

After some 40 years of marriage husband Lodell Parks and wife Armentris Parks sought and got dissolution. Husband appeals from the decree provisions awarding the wife marital property and also substantial maintenance allowance. These contentions in turn.

Under Section 452.330 RSMo. titled "Disposition of property, factors to be considered", in dividing marital property the trial court shall consider: Each spouse's contribution to the marital property including contribution as a homemaker, the economic circumstances of each spouse including the desirability of awarding the family home to the parent having child custody, and critically pertinent here, "[t]he conduct of the parties during the marriage".

As to division of marital property, the court awarded wife: The family home at 4605 Elmbank valued at $18,000 and all personal marital property therein valued at $12,000, the apartment at 4607–9 Elmbank valued at $30,000 subject to a $2,000 lien, a Cadillac car subject to a purchase money lien. The court awarded husband a 1978 Chevrolet van and his burglar alarm company.

To be divided equally were: The parties' apartments at 4715–17 Ladue, valued at $28,000 subject to a $2,000 lien, and at 2928–30 Belt, valued at $20,000 subject to a $1,500 lien. Also to be equally divided were the parties' approximately $12,000 in bank accounts and securities. Husband was ordered to pay marital debts incurred before separation and the wife her debts thereafter.

As said before, statutory factors to be considered in dividing marital property include contribution. Husband was the principal money maker and at trial also had a $826 a month pension. The wife was an industrious homemaker under husband's dictatorial control and she was active in the extensive maintenance of their rather run-down properties.

Also for consideration in dividing marital property was the relative financial condition of the parties. The husband controlled the family savings, including $15,000 inherited by the wife. In all he had some $68,-000 in hoarded cash and appropriated this just before separation. And he left the wife without financial means for three years, with the sole responsibility of maintaining the home where she and the parties' two children lived.

Another statutory factor the court shall consider in dividing marital property is the parties' marital conduct. In marked contrast, in all the marriage the wife was a menial, obedient wife, while husband repeatedly and brutally beat her.

In *Murray v. Murray,* 538 S.W.2d 587 (Mo.App.1976) we held division of marital property rests in the trial court's sound discretion and may be set aside only if abused, based on a decree which is contrary to the facts. Considering the husband's conduct related above we find no abuse of discretion here. With reference to the husband's abusive conduct related above we note the case of *In re Marriage of Kueber,* 599 S.W.2d 259 [3] (Mo.App.1980). There the court ruled in that 20 year marriage that verbal and physical abuse by the husband warranted a greater part of property to the wife. So it is here. We deny husband's challenge to marital property division.

As said husband also challenges as excessive the trial court's award of $125 weekly maintenance to the wife and $3,000 fee to her attorney. Under RSMo. 452.335, titled "Maintenance order-findings required for", by paragraph 1. thereof the trial court may grant maintenance when it finds the spouse seeking maintenance does not have adequate property to meet her reasonable needs and is incapable of self-support. By paragraph 2. factors that may be considered include: Financial resources and needs, and the standard of living of the spouse seeking maintenance, the age and physical condition and the marriage duration, the other spouse's ability to meet those needs, and also the conduct of the party seeking maintenance.

Here the wife's age, poor health, and lack of work experience showed she was incapable of self-support. The $125 weekly support allowance to her was in keeping with both her pre-separation marital style of life and the husband's financial savings and income. And, there was no showing of wifely misconduct; in contrast, she was both innocent and long-suffering.

In reviewing a maintenance award it is the husband's burden to show abuse—that the amount awarded is patently unwarranted and beyond his means. *Bull v. Bull,* 634 S.W.2d 228 [5–7] (Mo.App.1982). The cited statute allows trial court discretion and when there is substantial supporting evidence its ruling will not be disturbed. *Lowrey v. Lowrey,* 633 S.W.2d 157 [1, 2] (Mo.App.1982).

Those principles were applied in the factually parallel case of *Hull v. Hull,* 591 S.W.2d 376 [12–14] (Mo.App.1979). There the parties' ages and marital property and allowances to wife were comparable to those here. In passing on husband's appellate contentions the court laid down these principles: Reasonable factors include wifely needs and length of marriage, the parties' standard of living, their conduct during marriage, and the spouse's age and emotional condition. The court ruled:

> "To warrant reversal or revision on appeal, the amount of maintenance granted must be patently unwarranted or wholly beyond the means of the spouse thereby obligated to pay. *Sawtell v. Sawtell, supra* [569 S.W.2d 286 (Mo.App.1978) ]. The facts in this case compel neither conclusion, particularly because the trial court possesses considerable discretion in the granting of maintenance. No abuse of that discretion appears."

591 S.W.2d at 383.

We hold husband has not sustained his burden of showing the trial court abused its discretion in awarding maintenance and counsel fees to the wife.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.