Sharon Ann **GELDMEIER**, Respondent,

v.

Gary Frederick **GELDMEIER**,
Appellant.

No. 46808.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 28, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 4, 1984.

Mary Ann Weems, Clayton, for appellant.

Lisa A. Kircher, Clayton, for respondent.

REINHARD, Judge.

Dissolution case. On appeal, husband challenges the division of marital property, the award of maintenance and the amount of child support.

Husband and wife married in 1963. Their two children, Mark and Kelly, were born in 1964 and 1968, respectively. Husband, a bottler at Anheuser-Busch for the past fifteen years, was the principal breadwinner. His gross income during 1981 was $36,465.00, which included substantial overtime. Husband had worked overtime in each of the past ten years, and testified that he regularly refused overtime work offered to him.

Wife was primarily a homemaker, although she had worked as a secretary at one point during the marriage. Wife completed her master's degree in clinical psychology shortly before the parties' dissolution. Although she was seeking employment in both her chosen profession and other fields, her job search had not proven fruitful at the time of trial.

In its order, the court divided the marital property and awarded wife custody of the two children and support of $80.00 per week, per child. Maintenance was set at $100.00 per month.

On appeal, husband contends that the court "divided the marital property and debts in such a disproportionate manner that the effect of the division of the property was to award property to wife while awarding more debts than property to the husband."

▮ The disposition of marital property is governed by § 452.330 RSMo.1982: The court shall set aside to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors . . . .

The court possesses broad discretion in the division of marital property. Its division must be just and equitable, but an equitable division need not be equal. *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo.App.1982). Moreover, in reviewing this matter, we are bound to sustain the trial court's order unless there is no substantial evidence to support it or it is against the weight of the evidence. *Rasmussen v. Rasmussen*, 627 S.W.2d 117, 120 (Mo.App.1982).

Clearly, the court in its distribution of marital property was aware of the statutory framework within which it was required to act. The marital home, valued at approximately $40,000.00, was the major asset and was encumbered by two separate notes, secured by deeds of trust, for $16,400.00 and $15,000.00. ($16,400.00 was the amount still owed on the parties original home mortgage; the latter $15,000 was borrowed to pay marital debts). The court awarded the marital home to wife, who had custody of the minor children. In turn, the court ordered:

petitioner [wife] [to] execute a note and deed of trust in favor of Respondent [husband] in the amount of Seven Thousand Five Hundred ($7500.00) Dollars, with no interest, payable on the earliest happening of one of the following events: (1) The emancipation of the minor child, Kelly Ann Geldmeier. (2) The marriage of petitioner. (3) The sale of the house by petitioner.

In its decree the court recognized that this note represented husband's interest in the marital home.

As to the other marital property, the court awarded wife the 1973 Cutlass automobile, valued at $800.00; household furniture worth $500.00 and personal property in her possession. Husband received, in addition to his interest in the marital home, a 1974 Chevelle automobile, valued at $450.00; a $500.00 boat; his interest in the Anheuser-Busch pension plan, worth approximately $2,000.00 and including insurance plans connected with the plan; his $1100.00 interest in a life insurance policy, with directions that the children be named as beneficiaries until their emancipation; $2,500.00 from the recent sale of stock, and the remaining value of his Anheuser-Busch stock fund, worth approximately $3,000.00.

As to the parties' outstanding debts, the court ordered wife to pay the debt to her parents; husband to pay the debt to his parents. Wife was ordered to pay the first note for $16,400.00, secured by a deed of trust, and husband the second note of $15,000.00. By implication, husband is respon-

sible for signature and student loans totalling approximately $6,500.00, for which payments are withheld from his weekly salary. Husband was also ordered to discharge all other debts, which amounted to $600.00, and hold wife harmless.

■ According to husband, the net result of the property division was that he received no assets, since the debts he was ordered to pay exceeded the property he received. We recognize that, were we to total the balance sheets of each party, husband winds up with a negative balance. However, a balance sheet approach is not necessarily the just approach to distribute marital assets. Here, the court was confronted with a difficult financial situation. By its order, it sought to divide the property in such a manner that the children, placed in wife's custody, would not be wrenched from the security of the family home during their minority. The court's order that husband assume responsibility for the lion's share of outstanding marital debts is supported by the evidence, since only husband at that time possessed the ability to assume those obligations. Moreover, its order concerning the debts does not alter the fact that, consistent with § 452.330, RSMo.Supp.1982, the court set aside to husband portions of the marital property. Therefore, we can find no abuse of discretion in the court's property division.

■ Husband also challenges the amount of child support. The court ordered husband to pay $80.00 per week for support of his unemancipated son, Mark, age 18 at the time of hearing, and $80.00 per week for his daughter, Kelly, age 13½. The court further ordered husband to pay $120.00 per week for support of Kelly after Mark's emancipation.

Wife's schedule of expenses for the children details expenses amounting to $531.00 per month, which neither includes a proportionate share of expenses such as utilities and other household costs nor prospective college expenses for Mark. Considering the factors set forth in § 452.340, RSMo. 1978, including husband's financial re-

sources and the lifestyle enjoyed by the children had the marriage not dissolved, the evidence supports the order for $80.00 per week, per child.

■ However, we find no evidence in the record supporting the prospective increase to $120.00. In part, the level of child support should be based on the child's needs. § 452.340, RSMo.1978. Since we find no evidence of increased need at this time, we modify the dissolution order by eliminating the increase to $120.00.

■ We have also reviewed the record with respect to maintenance. We find no abuse of discretion in the allowance to wife of $100.00 per month.

Affirmed as modified.

KAROHL, P.J., concurs with opinion.

CRANDALL, J., concurs with opinion of Judge REINHARD.

KAROHL, Presiding Judge, concurring.

I not only concur in the result I concur in the opinion. However, in order that the opinion not be misunderstood to approve a distribution of marital property of an amount greater than the total value of the marital property before the court at the time of the hearing, I believe the following comments are necessary.

In summary, the total marital assets before the court had a value of $19,450, consisting of: Equity in house—$8,600; automobiles—$1,250; furniture—$500.00; boat —$500.00; pension plan—$2,000; life insurance—$1,100; stock and proceeds of recent stock sale—$5,500, for a total of $19,450. The court awarded the wife of $17,400 in marital property summarized as follows:

| | |
|---|---|
| Marital home | $40,000.00 |
| Less First Deed of Trust | –16,400.00 |
| Less Third Deed of Trust in favor of husband | – 7,500.00 |
| | $16,100.00 |
| 1973 Cutlass | 800.00 |
| Household furniture | 500.00 |
| | $17,400.00 |

The court awarded the husband marital personal property having a value of $9,550. However he was ordered to pay the $15,000 balance on the second deed of trust on the marital home and received in return a note and third deed of trust for $7,500, for a net deduction of $7,500. Therefore, on balance the husband received $2,050 of marital property. Although both parties were ordered to pay certain general debts they were not debts constituting liens on any of the marital property divided by the court.

In the event the balance due on the second deed of trust had been greater than $17,050, the decree would have so divided the marital property as to give the husband a negative balance. I do not believe that result is authorized by § 452.330, RSMo. Supp.1982.