**In re Marriage of Allen M.
OLDFIELD, Appellant,**

v.

**Nancy L. OLDFIELD, Respondent.**

**No. 48698.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 1985.

Robert D. Blitz, Clayton, for appellant.

Claude Hanks, Creve Coeur, for respondent.

FRED E. SCHOENLAUB, Special Judge.

Allen M. Oldfield appeals from the property distribution and maintenance portions of the decree dissolving his marriage to Nancy L. Oldfield. This is the second appeal from a decree in this case. The first, *Oldfield v. Oldfield*, 666 S.W.2d 17 (Mo. App.1984), resulted in a reversal and remand for reconsideration of the division of marital property, the trial court having adopted certain erroneous valuations placed on marital assets by wife's accountant, and for having failed to distribute an IRA account. In that opinion it was noted that the distribution of marital property on remand may require a reconsideration of the issue of maintenance. The trial court was affirmed as to child support and attorneys' fees.

The parties were married in 1963 and have one child, a daughter, who was 15 years old at the time of trial. The husband is employed by Professional Career Development, Inc. (PCD), a company which he co-founded in 1970 and of which he owns 45 percent (42 shares) of the stock. Husband's gross income from PCD in 1981 was $148,313 and in 1982 was $156,000. Due to the nature of the business tangible assets are few and the company has never declared a dividend.

Other business interests acquired by husband during the marriage include Oldfield-Schatz & Associates in which he maintains a 25 percent interest; Personnel Resources of America in which he owns a 25 percent interest; a partnership known as SRC–01, which owns a racquetball club in Clayton, Missouri, in which he owns an 8.3 percent interest; AMO–DMC, a leasing company whose sole asset is a 1980 Beachcraft airplane, of which he is one half owner; C & O Leasing Company, which owns two 1981 Mercedes Benz Automobiles driven by husband and his partner, in which he is one half owner; and an interest in ten oil wells.

The husband also owns an IRA account and the parties own a 1979 Lincoln automobile, a 1980 Ford truck, a horse trailer, and a family home. Personal belongings and home furnishings owned by each of the parties and in their possession at the time of trial were not assigned value by the trial court and were distributed to the parties in possession.

The trial court granted custody of the minor child to wife and ordered husband to pay $700 per month child support, maintenance to the wife of $2,000 per month and wife's attorney's fees.

In dividing the marital property, the court awarded the wife substantially all of the property she requested including the family home with wife to assume responsibility of the deed of trust thereon. In addition husband was ordered to pay $100,000 for wife's share of his interest in PCD, placed a lien on his 42 shares for that amount, and granted wife an additional $86,183 in cash as her share of the remaining marital estate. Based on the court's valuation of the marital estate wife received 57 percent, husband received 43 percent.

In the first appeal the case was reversed and remanded for reconsideration of the division of marital property, this court noting that in the trial court's valuation of AMO–DMC and C & O Leasing the court adopted and relied on wife's accountant's valuation of those assets and that such evaluation was erroneous, the accountant having ignored liens against the properties. The value of AMO–DMC was set at $24,000 and C & O Leasing at $37,500. On cross-examination the accountant admitted that, although he had considered a lien of $121,000 against AMO–DMC, he had not been made aware of additional liens of $22,500 against AMO–DMC and $41,525 against C & O Leasing. The liens reduced the value of these two items to $1,500 and minus $4,025. Additionally, but not referred to in the Court of Appeals opinion, the trial court, in valuing the total marital estate, did not consider the marital debts of the parties.

On remand the trial court distributed the IRA account in the sum of $14,983.51 to the petitioner, and with that addition entered the identical order that he had previously entered. The division of marital property was as follows:

Wife received:

| | |
|---|---|
| Marital home $160,000 minus $60,000 deed of trust | $ 100,000.00 |
| ½ interest in PCD | 100,000.00 |
| 1979 Lincoln automobile | 8,550.00 |
| 1980 Ford truck | 8,000.00 |
| Trailer | 2,500.00 |
| Furniture in marital home—no value | 0.00 |
| Husband ordered to pay wife cash | 86,183.00 |
| | $ 305,233.00 |

Husband received:

| | |
|---|---|
| ½ interest in PCD | $ 100,000.00 |
| Oldfield-Schatz | 1,000.00 |
| Personnel Resources of America | 34,100.00 |
| SRC–01 | 58,913.00 |
| AMO–DMC | 1,500.00 |
| C & O Leasing | (4,025.00) |
| Oil Wells | 60,000.00 |
| IRA | 14,983.00 |
| Furniture, Consolidated Radiator and Hilltop Village—no value | 0.00 |
| | $ 266,471.00 |
| Minus $86,183 paid to wife | – 86,183.00 |
| | $ 180,288.00 |
| Minus $118,350 in marital debts | – 118,350.00 |
| | $ 61,938.00 |

In this appeal husband first alleges that the trial court erred in failing to revalue the assets to AMO–DMC and C & O Leas-

ing, and in failing to consider the effect of other marital debts of the parties on the value of the marital estate.

■ The trial court possesses considerable discretion in the division of marital property and although the division must be just and equitable, it need not be equal. *Geldmeier v. Geldmeier*, 669 S.W.2d 33, 34 (Mo.App.1984). An appellate court will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of judicial discretion. *Mills v. Mills*, 663 S.W.2d 369, 372 (Mo. App.1983); *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981).

It is clear that after distributing the IRA to husband, in reinstating its original order, the trial court gave no consideration to the $64,025 in additional liens against AMO–DMC and C & O Leasing and the effect of those liens on their values. It is also clear that the trial court gave no consideration to the other marital debts totaling $118,350, all of which were incurred in the acquisition of marital assets, but for which no liens existed. Although these debts did not affect the value of any particular asset, their existence did affect the overall net value of the marital estate. *Oldfield v. Oldfield*, supra, l.c. 19.

■ Debts owed by the spouses are not marital property, *Hurtgen v. Hurtgen*, 635 S.W.2d 69, 70 (Mo.App.1982), and the trial court is not required to allocate them between the parties in a dissolution action. *N.J.W. v. W.E.W.*, 584 S.W.2d 148, 151 (Mo. App.1979). Their existence and extent, and who will be responsible for their payment, are, however, factors to be considered by the trial court in establishing a fair division of marital assets. *In re Marriage of Smith*, 652 S.W.2d 743, 745 (Mo.App.1983). *In re Marriage of Kluba*, 647 S.W.2d 920, 921 (Mo.App.1983). Neither wife's accountant, nor the trial court in relying on his testimony, gave any consideration to these marital debts, responsibility for their payment, or their effect on the overall net value of the marital estate, in its original order of distribution or in its reinstated order following the first appeal.

■ In its Findings of Fact and Conclusions of Law the trial court accepted the values given by the accountant and valued the marital estate at $534,050. The only marital debt mentioned was the $60,000 mortgage on the family home. Based on this valuation of the marital estate, had there been no other marital debts, husband's share equalled 43 percent, wife's share 57 percent. Such distribution could not be considered unfair or an abuse of discretion. By failing, however, to consider the liens against AMO–DMC and C & O Leasing Company and the other marital debts in valuing the marital estate the distribution by the trial court resulted in wife receiving property having a value of $119,050 plus judgments against husband of $100,000 and $86,183, for a total of $305,233, and husband receiving property having a value of $551,496, but reduced to $61,938 by judgments in favor of wife totaling $186,183, liens totaling $185,025 and other marital debts totaling $118,350. The evidence did not support such a lopsided distribution of the marital estate. Although this court is extremely reluctant to adjust a trial court's marital property distribution, under the facts and circumstances of this case the distribution constituted an abuse of discretion, and cannot stand.

■ In the interest of laying this litigation to rest and settling the rights of the parties, we should, if possible enter such judgment as the trial court should have entered. Rule 84.14; *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 68 (Mo.App.1984); *Alvino v. Alvino*, 659 S.W.2d 266, 272 (Mo. App.1983).

The values of the marital properties, less mortgage and liens against them, totalled $483,521. Subtracting additional marital debts of $118,350 leaves a net value of $365,171. Applying the percentages used by the trial court in its initial distribution, 43 percent to petitioner husband and 57 percent to respondent wife, husband should receive a net distribution of $157,023, wife $208,148. Although it involves a distribution considerably different from that of the

trial court, but applying the same percentages used by the trial court, distribution of the marital estate shall be as follows:

To respondent wife:

| | |
|---|---|
| Marital home | $160,000.00 |
| 1979 Lincoln | 8,550.00 |
| 1980 Ford Truck | 8,000.00 |
| Horse trailer | 2,500.00 |
| Judgment against Petitioner | 29,098.00 |
| Furniture in Marital home—no value | 0.00 |
| Net to respondent wife: | $208,148.00 — 57% |

To petitioner husband:

| | |
|---|---|
| PCD | $200,000.00 |
| Oldfield-Schatz | 1,000.00 |
| Personnel Resources of America | 34,100.00 |
| SRC–01 | 58,913.00 |
| AMO–DMC | 1,500.00 |
| C & O Leasing | (4,025.00) |
| Oil Wells | 60,000.00 |
| IRA | 14,983.00 |
| Furniture, Consolidated Radiator and Hilltop Village—no value | 0.00 |
| | $366,471.00 |

Minus:

| | |
|---|---|
| Home mortgage | $ 62,000.00 |
| Other marital debts | 118,350.00 |
| Cash to respondent | 29,098.00 |
| | $209,448.00 |

Net to petitioner husband: $157,023.00 — 43%

Under this distribution of the marital estate, husband shall be responsible for payment of all marital debts, including the mortgage against the family home of $62,000, the liens against AMO–DMC of $143,500 and C & O Leasing of $41,525, and the other marital debts of $118,350. In addition wife is granted a judgment against husband in the sum of $29,098. The mortgage payments shall be made directly to the lending institution, the balance becoming payable in full at such time as wife sells property.

Husband also attacks the amount of maintenance granted wife, alleging that the award of $2,000 per month was excessive, and an abuse of discretion.

■ Section 452.335, RSMo 1978, grants to the court wide latitude in decreeing spousal maintenance, and after giving due consideration to all of the factors which the statute enumerates the trial court must balance the reasonable needs of the spouse seeking maintenance against the other spouse's capacity to pay. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.1982). It is the appellant's burden to show that the amount awarded is patently unwarranted and beyond his means. *Parks v. Parks*, 657 S.W.2d 393, 395 (Mo.App.1983), holding further that when there is substantial evidence to support it the ruling will not be disturbed.

Wife testified that the total living expenses for herself and the child of the parties were $3,398 per month. The allowances for maintenance of $2,000 per month, and for child support of $700 per month, which sum was approved by this court in the earlier appeal, total $698 per month less than that amount.

■ Husband alleges that the award was excessive because the combined support and maintenance awards were greater than the amount wife had spent for those purposes during the year preceding the dissolution hearing, that it did not take into consideration the marital property awarded to wife, and because he did not have sufficient income to meet the payments toward wife's cash awards, to make the maintenance and support payments, and to pay his own monthly expenses.

Considering husband's income, in excess of $156,000 per year, his testimony concerning his own living expenses of over $3,500 per month, the lifestyle of the parties, and the distribution of marital property as adjusted herein, we find the maintenance award to be appropriate.

As modified, the judgment is affirmed.

SIMON, P.J., and STEPHAN, J., concur.