**Mary Beth DUEBELBEIS, Plaintiff-Respondent,**

v.

**James R. DUEBELBEIS, Defendant-Appellant.**

No. 51717.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Anthony S. Bruning, St. Louis, for defendant-appellant.

Hardy C. Menees, Clayton, for plaintiff-respondent.

CRANDALL, Judge.

James R. Duebelbeis (husband) appeals the division of marital property and the award of attorney's fees to his wife, Mary Beth Duebelbeis (wife). We affirm.

Our standard of review is that of a court-tried case. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo. App.1983). "Deference is accorded the trial judge even if there is evidence which might support a different conclusion." *Id.*

The evidence adduced at trial established that husband and wife were married in July, 1978 and separated in October, 1984. There were no children born of the marriage. Shortly before the marriage, husband had graduated from college with a degree in media studies. Thereafter, he was employed for about two years as a studio manager and photographer for a design group.

In 1979, husband and wife purchased a home for $49,000. Husband borrowed the down payment of $10,000 from one of two family trusts of which he was a remainderman. A short time later, in order to make some repairs on the house, he borrowed an additional $4,000 from one of the trusts, signing a demand note for that amount.

In August, 1980, husband left his employment to start his own photographic de-

sign business. He purchased photographic equipment and installed a darkroom in the basement. He remained self-employed until November, 1984, one month after separating from wife. During his four year period of self-employment, he earned approximately $3,000 to $4,000 from his business.

In 1981, 1982 and 1983, husband borrowed more money totalling $30,000 from the family trusts and signed three notes. Wife did not sign these notes. Husband used $25,000 of these loans to renovate the house; the remainder supported his business. He told his wife that these loans were his financial "contributions" to the marriage.

The notes which he signed for these loans from the trusts were unsecured, demand notes. No repayment schedules were ever set up. At the time of trial, the trusts had made no demand for repayment of either the principle or interest on the outstanding loans. Husband's mother, who was the income beneficiary of the trusts, had given instructions to the bank not to collect on the loans. There is evidence in the record that these loans were merely advances against husband's eventual inheritance.

During his self-employment, husband remained at home, seldom leaving the house. He worked on remodeling the house. His friends helped him. In exchange, he performed some photographic services for them. During this time, husband was drinking alcoholic beverages throughout the day. He especially drank with his friends as they worked around his house. There is evidence in the record that he also smoked marijuana.

Throughout the marriage, wife was employed full-time outside of the home. Through her employer, she maintained medical insurance on herself and on husband. This insurance covered husband's treatment by psychiatrists for depression as well as his treatment for alcoholism at an inpatient facility.

Husband first contends that the trial court abused its discretion in dividing the marital property by awarding "the lion's share of marital property" to wife. Husband posits that the court "should have split all marital assets evenly and split the loan liability in equal portions."

The facts pertinent to this issue are that the court found certain items of personal property to be marital property and divided them between husband and wife. The court awarded the marital home, with a stipulated value of $61,000, to husband, subject to a lien in favor of wife of $25,-209.78 which was stayed for 30 days and subject to a deed of trust of approximately $35,790. The court also found that the $44,000 in loans from the trusts were husband's "sole and separate obligations" and ordered wife to give husband $7,000 as payment toward these debts. A synopsis of the division of the marital property and debts between husband and wife indicates that wife received personal property valued at approximately $21,790; and husband received personal property valued at $15,-785.[1] Husband contends that, when the $44,000 in loans are factored into his distribution of the marital property and debts, he is forced into a position of having a negative net worth.

The court, in a dissolution action, is not required to make an equal division of marital property, only an equitable one. *Golleher v. Golleher*, 697 S.W.2d 547, 550–551 (Mo.App.1985). The division of marital property is vested in the sound discretion of the trial court. *Binkley v. Binkley*, 725 S.W.2d 910, 912 (Mo.App.1987).

Section 452.330 RSMo (1986) sets forth the factors to be considered in the division of marital property: (1) the contribution of each spouse to the acquisition of marital property; (2) the value of the property set apart to each spouse; (3) the economic circumstances of each spouse; and (4) the conduct of the parties during the marriage.

1. The court did not assign a value to the particular items of personal property. Because the court adopted wife's values for other items, we likewise use wife's valuations for the personal property.

**108**

The facts in the record support the trial court's division of marital property. Throughout the marriage, wife had a full-time job and contributed her entire salary to the marriage. Husband did not work outside of the home for four of the six years he was married to wife; and he earned little money from his photographic design business. There is also evidence that he abused marijuana and alcohol. Given the relative conduct and contribution of each party to the marriage, the trial court did not abuse its discretion in dividing the marital property.

Husband asserts that the "glaring discrepancy" occurred when the court allocated $44,000 of loans plus interest to husband and made wife liable for only $7,000 of that debt. Husband contends that the loans from his family trusts amounted to a marital debt which was a factor the trial court should have considered in arriving at a fair distribution of marital assets. *See, e.g., Oldfield v. Oldfield,* 688 S.W.2d 778, 781 (Mo.App.1985).

Husband's contention that the loans from his family trusts were marital debts is not supported by the record. The trial court specifically found that the loans were husband's "sole and separate obligations." The court ordered wife to reimburse husband in the amount of $7,000 merely to "assist" husband in the repayment of his loans to the trusts.[2]

We agree with the trial court that the loans were husband's separate debts. Husband was a remainderman of two family trusts and he alone could borrow money from those trusts. He alone signed the demand note for each loan. In addition, there is evidence that husband would not be required to repay the loans to the trusts. The loans would eventually be deducted from his share of the corpus when it was distributed to the remaindermen. The trial court was justified in believing that the loans would not have to be repaid. *See, e.g., Anderson v. Anderson,* 584 S.W.2d 613, 616 (Mo.App.1979). The trial court

properly declined to apply the $44,000 loans as a reduction in the value of marital property. Husband's first point is denied.

In his second point, husband contends that the trial court erred in awarding attorney's fees and expenses to wife. The record reveals that the trial court did not abuse its discretion in making these awards. Husband's final point is denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

PUDLOWSKI and KAROHL, JJ., concur.

---

2.  In her brief, wife presumes that the trial court viewed the first two loans totalling $14,000 as marital debts because the money went toward the purchase and the initial remodeling of the marital home.