**Lodell PARKS, Petitioner–Appellant,**

v.

**Armentris PARKS,
Respondent–Respondent.**

No. 52749.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1988.

Application to Transfer Denied
April 19, 1988.

Margaret B. Wilson, St. Louis, for petitioner-appellant.

John D. Schneider, St. Louis, for respondent-respondent.

CRANDALL, Judge.

This appeal arises out of an ancillary proceeding for the judicial sale of real estate and an accounting for rents following a decree of dissolution. We affirm the order and judgment of the trial court.

On December 31, 1980 a decree of dissolution was entered dissolving the marriage of petitioner, Lodell Parks, and respondent, Armentris Parks. In part, the decree ordered two rental properties owned by the parties, 4715–17 Leduc Avenue (Leduc property) and 2928–30 Belt Avenue (Belt property), to be sold and the net proceeds divided evenly between the parties. Further, the decree awarded respondent maintenance in the sum of $125 per week. This award of maintenance terminated a prior pendente lite award requiring petitioner to pay respondent $750 per month for maintenance. On appeal, this court affirmed the dissolution decree. *Parks v. Parks*, 657 S.W.2d 393 (Mo.App.1983).

A dispute arose between the parties regarding the sale of the rental properties and regarding the accounting of rents petitioner received from those properties. On motion of petitioner, the trial court appointed a special master to make recommendations regarding the sale of the properties and to render an accounting for rents received by petitioner. Although not ordered by the trial court, an additional issue of an accounting for maintenance due respondent was addressed by the master without objection by the parties.

The Belt property was sold for $5,000. The proceeds of that sale in the sum of $4,345.98, after expenses, were deposited with the court. This transaction is not challenged on appeal. The master made various reports containing recommendations on the other matters in dispute. Respondent filed objections to those reports.

The trial court held a hearing and entered an extensive Memorandum, Judgment and Order. Pertinent to this appeal, the trial court rejected the master's finding that respondent had agreed to certain credits and to a waiver of interest on maintenance owed to her by petitioner. The court found a total lack of evidence of such an agreement in the record. Next, the court concluded that the master's recommendation that the Leduc property be sold to petitioner for the sum of $24,000 would be unconscionable in light of the appraised value of the property ($27,000 in 1986) and the unusual method the master selected to accomplish the sale. The court ordered the Leduc property to be transferred to respondent for the sale price of $32,000.

The court overruled respondent's objections to the master's report regarding accounting for rents, except insofar as they related to credits the master allowed where the master found attempted fraud on the part of petitioner. Accordingly, the court reduced the aggregate credits the master allotted petitioner in a sum equal to the amount of credits sought by use of fraudu-

lent receipts. Finally, the court awarded respondent her attorney's fees in the sum of $7,500.

Preliminarily, we note that the standard for appellate review in this court-tried case is guided by the oft-cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We further note that Rule 68.01(g)(3) provides that if objections are filed to the report of a master, "or the court proposes action other than adoption of the report, the court, after hearing, may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." Thus, the master's report is simply advisory in nature and not binding on the trial court.

Petitioner makes four claims of trial court error. In his first point on appeal, petitioner posits five reasons why the trial court erred by sustaining respondent's objection to the master's report recommending the sale of the Leduc property to petitioner.

 The dissolution decree provided that the Leduc property be sold and the proceeds divided. The petitioner offered to buy it for $24,000 and respondent offered $32,000. The trial court ordered the property sold for $32,000. The trial court can hardly be criticized for ordering a sale at the higher price. Such an order was of financial benefit to both parties. Since there was no prejudice, we reject petitioner's first point.

Petitioner's remaining three points claim the trial court erred by disallowing certain credits to petitioner; by determining the sum due respondent for maintenance; and by awarding respondent her attorney's fees. The determination of these issues involve the resolution of factual questions and the application of established principles of law. As previously stated, under Rule 68.01(g)(3), the trial court may modify or reject the master's report in whole or in part. Clearly, the

resolution of any factual dispute is the prerogative of the trial court.

We have carefully reviewed the record and find the trial court's findings were within its discretion and were supported by substantial evidence. No error of law appears. An extended opinion on these three points would have no precedential value. They are therefore denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.[1]

SIMON, P.J., and GRIMM, J., concur.

---

1. Respondent's motion to dismiss etc. is overruled. Petitioner's motion for attorney's fees is overruled.