## Moore *v.* Moore

No. 42775          November 4, 1963          157 So. 2d 131

*Holyfield & Goldman,* Meridian, for appellant.

*Gerald Adams,* Meridian, for appellee.

McELROY, J.

This is an appeal from a decree of the Chancery Court of Lauderdale County, Mississippi, in which the Chancellor dismissed appellant's cross bill and sustained the prayer of the original bill granting the appellee a divorce and certain relief asked for in the original bill.

The original bill for divorce filed by the appellee charged that appellant had been guilty of habitual cruel and inhuman treatment of her in that he had fussed, cursed, battered, abused and threatened her. She charged that on one occasion that he attacked her and pulled a great deal of hair from her head and that she separated

from him at that time, but on his promise to do better, she went back to him. She charged further that on the 27th day of May, 1962 appellant became angry, pushed her down in a chair and ran and got his gun; that he had made numerous threats against her; and that she was afraid to live with him; that the appellant had on numerous occasions accused appellee of wrong doing; that he had a violent temper, and that such conduct had caused her to become extremely nervous and that she was afraid to live with him. The appellee asked for the use of her home and furniture, possession of one of the two automobiles they owned, and that the appellant contribute to the education of their minor daughter, nineteen years of age, who is attending college. The appellant filed an answer and cross appeal denying most of the allegations in the bill of complaint, and in his cross bill requested a divorce on the grounds of cruel and inhuman treatment.

The proof, without going into the detail of the evidence, substantiated the finding of the chancellor granting the relief of the complainant, appellee. The appellant worked for the railroad company and earned $5,500 per year. The appellee, complainant, was a college graduate and a school teacher, and earned $4,400 per year. They had accumulated a home valued at over $17,000, owned several stocks and bonds, and had savings accounts. The husband contributed primarily to the living expenses in the home, while the appellee, complainant, gave some of her money to the paying of the stocks and bonds and bank accounts, as well as paying on the indebtedness of the home. We believe that the evidence justified the chancellor in his decree for divorce. The chancellor dismissed the cross bill filed with prejudice; and granted the complainant, appellee, divorce and relief prayed for in her bill of complaint, stating that the oral proof did not show one scintilla of evidence to substantiate the allegations in the cross bill of improper

conduct on the part of the complainant and cross defendant.

Without enumerating all the relief granted in the decree in addition to granting of the divorce, the appellee was granted the exclusive use and occupancy of the home and furniture and furnishings during the time that she shall remain unmarried, the 1955 Pontiac automobile, the full care, custody and control of Diane Moore, minor daughter, with the right of the cross complainant to visit; and that the appellant pay Diane Moore $100 per month during the nine months of each year that she is in college, and ordered appellant to turn over to Diane Moore the paid-up Metropolitan insurance policy in his possession.

We are unable to say that the chancellor was manifestly wrong.

The appellee on appeal prays for attorneys' fees in the Supreme Court. The record shows that $500 was allowed by the chancellor in the lower court. The Court allows one half, or the sum of $250, to the attorney for services rendered in this Court.

The case is therefore affirmed.

Affirmed.

*McGehee, C. J., and Ethridge, Gillespie and Brady, JJ.,* concur.