MOZELLE ELAINE DIMITROFF

*v.*

PAUL (NMI) DIMITROFF

(No. 13539)

Decided October 21, 1975.

*John L. Ward* for appellant.

No appearance for appellee.

BERRY, JUSTICE:

Paul Dimitroff, the defendant in divorce and contempt proceedings below, appeals from the judgment of the Circuit Court of Kanawha County, acting in its capacity as an intermediate appellate court, which reversed the judgment of the Domestic Relations Court of Kanawha County and held that the appellant was obligated to pay child support payments to the appellee in accordance with the terms of a prior divorce decree. The judgment appealed from was entered by the Circuit Court on July 5, 1974. This Court granted an appeal on November 25, 1974, and the case was submitted on the brief of the appellant on September 16, 1975.

On February 11, 1970, the appellee, Mozelle Elaine Dimitroff, obtained a divorce from the appellant in the Domestic Relations Court of Kanawha County. By the terms of the decree, the appellee obtained the custody of the two infant children of the parties, Ricky Cleveland Dimitroff, then sixteen (16) years of age, and Agnes Ann Dimitroff, then fifteen (15) years of age. The decree further provided that the appellant pay to the appellee the monthly sum of $50.00 as child support for each of the

children ". . . until the further order of this Court, and so long as each child is under the age of 21 years, unmarried and not emancipated . . . said monthly payment as to each child is to cease and discontinue when that child becomes 21 years of age, is married, or during the period said child is in active military service, and then without requirement of further order of this Court." The obligation of Paul Dimitroff to pay child support was also defined in a separation agreement executed by the parties on the 24th day of November, 1969. The agreement, which was entered into the record below by stipulation and which was ratified, approved and confirmed by the Domestic Relations Court, but was not made a part of the divorce decree, specified that the appellant agreed to pay the appellee the sum of $100.00 per month ($50.00 for each child) for the support, maintenance and education of those children ". . . do [sic] long as each child is under the age of 21 years, unmarried and not emancipated . . . ."

Subsequent to the entry of the divorce decree, Ricky Cleveland Dimitroff entered the armed forces and the appellant was thereby relieved of the obligation to provide for his support.

On June 9, 1972, statutes enacted by the Legislature of this State changing the age of majority from twenty-one years to eighteen years became effective. On October 6, 1972, Agnes Ann Dimitroff celebrated her eighteenth birthday and immediately thereafter the appellant discontinued making support payments on her behalf. As a result of the appellant's unilateral action, the appellee initiated contempt proceedings in the Domestic Relations Court on November 19, 1973, alleging the nonpayment and contending that the appellant was in arrears in the amount of $650.00. A rule to show cause was issued and hearings were held in the Domestic Relations Court. As a result of these proceedings, on December 5, 1973, the Domestic Relations Court of Kanawha County ruled that Agnes Ann Dimitroff, having reached majority, was an adult and was emancipated

and that the appellant was no longer liable for her support and maintenance.

On appeal by Mozelle Elaine Dimitroff to the Circuit Court of Kanawha County, the order of the Domestic Relations Court was reversed. The Circuit Court was of the opinion that savings provisions in the statute establishing the age of majority at eighteen years preserved the rights and obligations of the parties under the original decree and that the appellant was not automatically relieved of his support obligation by virtue of his child having reached eighteen years of age.

The only issue involved in this case is whether the amended statute relieved the defendant of his duty to pay support and maintenance as required by the divorce decree. The relevant statute, which amended Chapter 2 of the *West Virginia Code* by adding Article 3, Section 1, reads in pertinent part as follows:

> "On and after June nine, one thousand nine hundred seventy-two, except as otherwise specifically provided in this code, no person who is eighteen years of age or older shall lack legal capacity, by reason of his age, to enter into contracts, sell or purchase real or personal property, create a lien, execute any legal or other written instrument, prosecute or defend legal actions, assert claims or deal in his own affairs in any manner whatsoever.

> "The provisions of this section, and the provisions of chapter sixty-one, acts of the Legislature, regular session, one thousand nine hundred seventy-two, reducing various prescribed age requirements to eighteen years of age, *shall not*, however, *by operation of law affect any rights, duties, obligations or interests accruing or vesting by virtue of any statute*, act, event, transaction, *order, judgment or decree prior to June nine, one thousand nine hundred seventy-two*, or any cause of action which arose or any civil action or claim instituted or asserted prior to such date, *and any such right, duty, obligation*, interest, cause of ac-

tion, civil action or claim *may be enforced, exercised, enjoyed, terminated, discharged, consumated, prosecuted, maintained or asserted with like effect as if said chapter sixty-one had not been enacted . . . .*" [Emphasis supplied].

The above quoted statute was in effect at the time of the proceedings before the Domestic Relations Court of Kanawha County on December 5, 1973. Subsequent to the hearing and the judgment of the Domestic Relations Court, the Legislature, on March 9, 1974, amended the statute to add the following proviso:

"*Provided, further,* That any order or mandate providing for payment of child support for any person up to the age of twenty-one years contained in any decree or order of divorce or separate maintenance or in any order in any nonsupport or bastardy proceeding, which decree or order was entered prior to June nine, one thousand nine hundred seventy-two, may by order of the court be terminated as to such person upon such person attaining the age of eighteen years."

We have held that under this proviso, a court exercising domestic relations jurisdiction may, in the exercise of sound discretion, modify a prior decree to terminate the duty to provide support when a child or children reach eighteen years of age. *Corbin v. Corbin,* 159 W. Va. 967, 206 S.E.2d 898 (1974). However, in the instant case, since the last mentioned amendment to *W. Va. Code* 1931, 2-3-1, as amended, became effective after the contested ruling of the Domestic Relations Court of Kanawha County, it is inapplicable. *Farmer's Bank v. Willis,* 7 W. Va. 31 (1873). *Cf., Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L. Ed. 2d 476 (1974).

The separation agreement entered into by the parties requiring the husband to support the two children until they were twenty-one years of age or otherwise emancipated is not involved in this appeal, but the courts have usually upheld the provisions of such an agreement even though subsequent legislation may have modified

the age of majority. *Wilcox v. Wilcox,* 406 S.W.2d 152 (Ky. 1966); *Collins v. Collins,* 418 S.W.2d 739 (Ky. 1967); *Jones v. Jones,* 503 S.W.2d 924 (Ct. App. Tenn. 1973); *Ruhsam v. Ruhsam,* 110 Ariz, 326, 518 P.2d 576 (1974). *Contra: Jungjohann v. Junghohann,* 213 Kan. 329, 516, P.2d 904 (1973); *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E.2d 299 (1972).

There is a substantial diversity of opinion among the courts of the various states which have considered the effect of a statutory change of the age of majority on a support obligation which antedates such a statute. However, the cases are in agreement that where a statute lowers the age of majority from twenty-one to eighteen years, and a divorce decree provides for the support of children until twenty-one years of age or until otherwise emancipated, and a savings clause is included in the statute providing that such change shall not by operation of law effect any rights, duties or obligations existing by virtue of a judgment or decree prior to the effective date of the statute, and in the absence of specific language authorizing the court, in its discretion, to modify a decree when a child reaches the new age of majority, the child must be supported as provided in the divorce decree entered before the passage of the statute changing the age of majority. *Monticello v. Monticello,* 271 Md. 168, 315 A.2d 520 (1974); *O'Connor v. O'Connor,* 22 Md. App. 519, 323 A.2d 632 (1974); *Vicino v. Vicino,* 30 Conn. Sup. 49, 298 A.2d 241 (1972). We are, therefore, of the opinion that the clear and unambiguous savings provisions contained in *Code* 2-3-1, as that statute was in effect at the time of the judgment below, obligated the appellant to continue making support payments for Agnes Ann Dimitroff after her eighteenth birthday.

The appellant relies on the recent decision in *Garey v. Garey,* ___Tenn.___, 482 S.W.2d 133 (1972) in which it was held that where a divorce decree provided that the father was to pay child support "until each child reaches twenty-one (21) years or is otherwise emancipated", the father was automatically relieved of his duty under the decree once a child reached the age of eighteen where

the Legislature has subsequently lowered the age of majority from twenty-one to eighteen, since attaining majority is synonymous with emancipation. The case provides no support for the appellant's contention because, unlike the present situation, the Tennessee court did not deal with a statute which expressly preserved the rights and obligations created by a decree which was entered prior to the effective date of the statute.

For the reasons enunciated herein, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*