337 S.E.2d 9

**Linda Lee McKINNEY**

v.

**David Lynn McKINNEY.**

No. 16580.

Supreme Court of Appeals of West Virginia.

Nov. 7, 1985.

Fredeking, and Fredeking, R.R. Fredeking, II, Huntington, for appellant.

William Beckett, Huntington, for appellee.

NEELY, Justice:

On 5 July 1975 David Lynn McKinney divorced Linda Lee McKinney. As part of the final divorce decree, the Circuit Court of Wayne County ordered David McKinney to pay child support until his child, John David McKinney, reached the age of emancipation. Furthermore, the court gave possession of the marital residence to Linda McKinney and ordered David McKinney to pay for the upkeep and monthly house payments until either Linda McKinney remarried or the couple's child was emancipated. At the time of either event's occurrence, the parties were to sell the marital residence and divide the equity equally. On 22 August 1982 John David McKinney attained the age of eighteen. After hearings, the Circuit Court of Wayne County ordered David McKinney to continue to pay one-half of the house mortgage payments, one-half of the house upkeep and child support until John David McKinney attains twenty-one years of age.

█ As a matter of law, Mr. McKinney is not obligated to support his child after the child attains the age of eighteen. *W.Va.Code* 2–3–1 [1974].[1] Under this statute, upon turning eighteen an individual enjoys the rights and privileges, as well as sharing in the burdens and obligations, of adult status. Whether his parents are married or divorced, he is free to make it on his

---

**1.** *W.Va.Code* 2–3–1 [1974] states in pertinent part:

"On and after June nine, one thousand nine hundred seventy-two, except as otherwise specifically provided in this *Code*, no person who is eighteen years of age or older shall lack legal capacity, by reason of his age, to enter into contracts, sell or purchase real or personal property, create a lien, execute any legal or other written instrument, prosecute or defend legal actions, assert claims or deal in his own affairs in any manner whatsoever. ... *Pro-vided further, that any order or mandate providing for payment of child support for any person up to the age of twenty-one years contained in any decree or order of divorce or separate maintenance or in any order in any non-support or bastardy proceeding, which decree or order was entered prior to June nine, one thousand nine hundred seventy-two,* may be order of the court be terminated as to such person upon such person attaining the age of eighteen years." [Emphasis supplied by the Court]

own. Although we do not encourage parents to jettison their children upon the day those children reach their majority, parents are not *legally* obligated to take care of their children beyond that day.[2]

■ Because the age of emancipation is eighteen years, the Circuit Court of Wayne County had no power to extend child support payments beyond the age of eighteen. *W.Va.Code* 48–2–15(b) (2) [1984] states: "The Court may require either party to pay child support in the form of periodic installments for the maintenance of the *minor children* of the parties." [Emphasis supplied by the Court]. "Majority" and "minority" are creatures of statute that the legistlature can create or modify at its pleasure. And as the Virginia courts have explained in earlier cases, because child support is also purely statutory, awards of child support are strictly controlled by the emancipation statutes. *Cutshaw v. Cutshaw*, 220 Va. 638, 261 S.E.2d 52 (1979) (once child reached majority, jurisdiction of divorce court to provide for his support and maintenance terminated unless otherwise provided by agreement incorporated into divorce decree). Other states that have interpreted statutes similar to *W.Va.Code* 2–3–1 [1974] have held that without the consent of the father (in the form of a property settlement agreement or similar instrument) neither a jury nor a court can require the father to support his child beyond his eighteenth birthday. *See, e.g., Ritchea v. Ritchea*, 244 Ga. 476, 260 S.E.2d 871, 872 (1979) (neither jury nor judge has jurisdiction to extend a parent's obligation to his child beyond the child's minority). The emancipation statutes act as an absolute bar to any extension of support obligations.

■ For these same reasons, the circuit court erred when it ordered David Lynn McKinney to continue to pay one-half of the house mortgage payment and one-half of the house upkeep. *W.Va.Code* 48–2–15(b)(4) [1984][3] allows exclusive occupancy by one of the parties only for a limited period that will end at a specific time set forth in the divorce order. In the present case, the original divorce decree ordered the McKinneys to sell their jointly owned real estate and divide their equity upon John David McKinney's majority. And although modification of the original order is

---

**2.** There may well be special circumstances where a parent will be legally liable to support an adult child. Such a case is not before us now so we will not anticipate our decision. We will note, however, that although the general rule is one of non-liability, there is an exception for an adult child who is unmarried, unemancipated and insolvent and physically or mentally incapacitated from supporting himself. *See* Annot., 1 A.L.R.2d 910 (1948); *See also James G. v. Caserta*, 175 W.Va. 406, 332 S.E.2d 872, 882 (1985) (recognizing common law rule that where a child is incapable of supporting himself because of physical or emotional disabilities, the parents' obligation to support continues beyond the child's age of majority).

**3.** *W.Va.Code* 48–2–15(b)(4) [1984] states:

(4) As an incident to requiring the payment of alimony or child support, the court may grant the exclusive use and occupancy of the marital home to one of the parties, *together with* all or a portion of the household goods, furniture and furnishings reasonably necessary for such use and occupancy. *Such use and occupancy shall be for a definite period, ending at a specific time set forth in the order, subject to modification upon the petition of either party.* Except in extraordinary cases supported by specific findings set forth in the order granting relief, a grant of the exclusive use and occupancy of the marital home *shall be limited to thsoe situations where such use and occupancy is reasonably necessary to accommodate the rearing of minor children of the parties.* The court may require payments to third parties in the form of home loan installments, land contract payments, rent, payments for utility services, property taxes, insurance coverage, or other expenses or charges reasonably necessary for the use and occupancy of the marital domicile. Payments made to a third party pursuant to this subdivision for the benefit of the other party shall be deemed to be alimony, child support or installment payments for the distribution of marital property, in such proportion as the court shall direct: Provided, that if the court does not set forth in the order that a portion of such payments is to be deemed child support or installment payments for the distribution of marital property, then all such payments made pursuant to this subdivision shall be deemed to be alimony. Nothing contained in this subdivision shall abrogate an existing contract between either of the parties and a third party, or affect the rights and liabilities of either party or a third party under the terms of such contract. [Emphasis supplied by the Court]

permitted in some circumstances, it is limited to where the use of the house is reasonably necessary to accommodate the rearing of the *minor children* of the parties. John David McKinney is no longer a minor child. Accordingly, barring some specific factual finding of extraordinary circumstances, the circuit court was not free to extend Mrs. McKinney's exclusive occupancy of the marital residence.

Linda Lee McKinney and David Lynn McKinney were divorced on 5 May 1975 and the order was entered 9 June 1975. Thus, on the day that they were divorced, the age of majority was eighteen. We do not face the problem of retroactive application of *W. Va. Code* 2-3-1 [1974] which we faced in *Dimitroff v. Dimitroff,* 159 W.Va. 57, 218 S.E.2d 743 (1975) (savings clause in *W. Va. Code* 2-3-1 [1974] prevents statute from affecting child support existing by decree prior to effective date of statute).

We do not make our decision today without an uneasy sense of circumspection. In divorce, the parties ask the courts to balance a host of interests and obligations— the interest each spouse has in gaining a fresh start in life against the continuing obligations each spouse still owes to the other. In structuring the parties' post divorce commitments, we try to perform the sisyphean task of placing the children in the same position that they would enjoy if the divorce had never occurred. West Virginia, however, does not require married parents to pay their children's expenses past the age of emancipation.[4] Accordingly, it would be incongruous to *order* Mr. McKinney to continue to pay for his son's expenses now that he is divorced.

Reversed.

---

**4.** Other jurisdictions have decided differently. *See Newburgh v. Arrigo,* 88 N.J. 529, 443 A.2d 1031 (1982) (generally, parents are not under duty to support children after age of majority, but nonetheless, in appropriate circumstances, privilege of parenthood carries with it a duty to assure necessary education even college and post graduate education such as law school). And in fact "dadimony" has been granted in several jurisdictions. *See, e.g., Moore v. Moore,* 247 Miss. 661, 157 So.2d 131 (1963); *Risinger v. Risinger,* 273 S.C. 36, 253 S.E.2d 652 (1979). But in general noncustodial divorced parents are not required to pay for their children's post secondary education. Annot., 99 A.L.R.3d 322 (1980).