404 S.E.2d 545

Janice M. KINDER, Petitioner,

v.

Honorable E. Lee SCHLAEGEL, Jr., Judge of the Circuit Court of Boone County, and Carlos M. Kinder, Respondents.

No. 20029.

Supreme Court of Appeals of West Virginia.

Submitted March 13, 1991.

Decided April 25, 1991.

Maureen Conley, Charleston, W.Va., for petitioner.

Timothy R. Conaway, Madison, W.Va., for respondent Kinder.

BROTHERTON, Justice:

The petitioner, Janice Kinder, seeks a writ of prohibition against the enforcement of an interlocutory order entered on August 20, 1990, by Judge Lee Schlaegel of the Circuit Court of Boone County. Kinder also requests a rule to show cause, asking why the order should be allowed to stand.

This case originated before a family law master in a divorce proceeding, at which time Mrs. Kinder requested that the court order Mr. Kinder, the father, to provide support for their child who was over the age of eighteen, but was also handicapped to the degree that precluded him from supporting himself. The child in question, Kevin, is over the age of majority, but has been mentally retarded since birth and is receiving Supplemental Security Income (SSI).[1] The family law master concluded that "as a matter of law ... a parent may have a duty to support an adult child if that child is unmarried, unemancipated, and in-

---

1. Initially, support was also requested for an older child, Wesley, who had at one time gainfully supported himself as a coal miner. Since that time, he has become disabled with schizophrenia and is receiving Social Security Disability Income. However, the petitioner withdrew the request for support when Wesley left his mother's home.

solvent and physically or mentally incapacitated from supporting himself."

However, on appeal, the Circuit Court of Boone County ruled that the family law master had exceeded her jurisdiction in holding that a parent had a duty to support an adult child in those circumstances. The court stated that "the court lacks jurisdiction to order payment of child support to persons over the age of eighteen in an action of divorce."

Thus, the issues we address on appeal are whether the court has jurisdiction to order child support for adult children in a divorce action and, secondly, whether the family law master exceeded her jurisdiction in ordering that support be paid for an adult child.

West Virginia Code § 2-3-1 (1990), deals with the issue of child support and children who have reached their majority:

> [N]o person who is eighteen years of age or older shall lack legal capacity, by reason of his age, to enter into contracts ... or deal in his own affairs in any manner whatsoever.... Provided further, That any order or mandate provided for payment of child support for any person up to the age of twenty-one years contained in any decree or order of divorce or separate maintenance or in any order in any nonsupport or bastardy proceeding, which decree or order was entered prior to June nine, one thousand nine hundred seventy-two, may by order of the court be terminated as to such person upon such person attaining the age of eighteen years.

Similarly, W.Va.Code § 48-2-15(b)(2) (1984) provides that "[t]he court may require either party to pay child support in the form of periodic installments for the maintenance of the minor children of the parties." The term "minor" is defined as a person under the age of eighteen. W.Va.Code § 2-2-10."

In *McKinney v. McKinney*, 175 W.Va. 640, 337 S.E.2d 9 (1985), this Court enunciated the general rule that child support does not extend to adult children of eighteen years or older. In syllabus point 1, the Court stated that "[a]fter a child reaches the age of emancipation a parent is under no obligation to pay child support for that child. *W.Va.Code* 2-3-1 [1974]." The Court also found that a circuit court lacks the power to extend child support payments beyond the age of eighteen.[2] *Id.* at 10. However, in footnote 2, the court noted a possible exception:

> There may well be special circumstances where a parent will be legally liable to support an adult child. Such a case is not before us now so we will not anticipate our decision. We will note, however, that although the general rule is one of non-liability, there is an exception for an adult child who is unmarried, unemancipated and insolvent and physically or mentally incapacitated from supporting himself. *See* Annot., 1 A.L.R.2d 910 (1948); *See also James G. v. Caserta*, 175 W.Va. 406, 332 S.E.2d 872, 882 (1985) (recognizing common law rule that where a child is incapable of supporting himself because of physical or emotional disabilities, the parents' obligation to support continues beyond the child's age of majority).

In *James G. v. Caserta*, 175 W.Va. 406, 332 S.E.2d 872 (1985), the Court discussed the issue of wrongful pregnancy and birth following the failure of a physician to perform an amniocentesis which would have revealed a birth defect. After noting that the parents can recover for the extraordinary costs incurred for an adult "child" as a result of the child's birth defect in a wrongful birth action, the Court also ruled that "[u]nder the common law where a child is incapable of supporting himself because of physical or emotional disabilities, the parents' obligation to support continues beyond the child's age of majority." *Id.* at syl. pt. 10.[3] Thus, under

---

**2.** In *McKinney,* the Court noted that the status of majority and minority are creatures of statute that the legislature can create or modify at its pleasure. 175 W.Va. at 641, 337 S.E.2d at 10.

**3.** "Parents may in a wrongful birth action recover the extraordinary costs for rearing a child with birth defects not only during his minority,

*Caserta*, the parents have an obligation to support a child who has reached his majority if he is unable to support himself due to a mental, physical, or emotional incapacity.

■ Because we have concluded that parents may owe support to an adult child who is mentally and/or physically handicapped to the degree that he is unable to support himself, we rule that neither the circuit court nor the family law master lacked jurisdiction to order payment of child support for children over the age of eighteen in a divorce action. Since the issue of child support for minor children is properly addressed in a divorce or modification proceeding, it follows quite logically that child support for adult children who meet the criteria established in *Caserta* and *McKinney* is within the jurisdiction of both the family law master and the circuit court. Accordingly, we order that this case be remanded to the Circuit Court of Boone County for a hearing on the issue of support for the Kinders' child, Kevin.[4]

Writ Granted as Moulded.

---

but also after the child reaches the age of majority if the child is unable to support himself because of physical or emotional disabilities." *Caserta*, 175 W.Va. at 408, 332 S.E.2d at 874 syl. pt. 11. *See also Castle v. Castle*, 15 Ohio St.3d 279, 473 N.E.2d 803 (1984).

4. We do not specify an amount to be paid in support by Mr. Kinder. That obligation belongs to the family law master and circuit court. We note, however, that in circumstances such as these, the aid requested by Mrs. Kinder in her brief—twenty dollars monthly and assistance with transportation, etc.—would be most helpful and still not reduce Kevin's SSI.