Delores Ruth BLOCK, f/k/a Delores Ruth Lieberman, Plaintiff-Respondent,

v.

Norton Monroe LIEBERMAN, Defendant-Appellant.

Nos. 34873, 34881.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 29, 1974.

Motion for Rehearing or Transfer to Court
En Banc Denied March 8, 1974.

**486**

Schramm & Morganstern, M. Harvey Pines, Clayton, for defendant-appellant.

Newmark & Baris, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from the action of the trial court upon her motion to modify a divorce decree; defendant appeals from the court's award of $1400 to plaintiff for attorney's fees and litigation expenses. We affirm the judgment.

The parties were divorced in 1958 and plaintiff received custody of the two children, both boys, and child support in the amount of $60 per child per month. In 1968 the decree was modified to increase the child support to $85 per child per month. In January 1972, plaintiff filed for another modification upward and sought also an order requiring defendant to pay for the elder boy's college education including that portion of the education after the boy reached 21. After extensive testimony the court ordered the child support increased to $125 per child per month, awarded attorney's fees of $1400 to plaintiff and declined to rule on the request for education expenses after the elder son reached 21 which occurred in October 1972.

The parties have briefed extensively the merits of a father's obligation to provide educational costs to an adult child. We do not reach that issue for we do not find plaintiff here to be an aggrieved party to this ruling of the court. The relief sought arose upon a motion to modify a divorce decree. The power and jurisdiction of a divorce court to review or make alterations of its orders touching the maintenance of the minor children ceases with such minority. Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762 (Banc.1932). The award of child support, although made to the mother, is for the benefit of the children, who because of their minority, lack the legal status to bring suit directly against their parent.

When the child reaches twenty-one however, this disability is removed and if an obligation to provide support exists, the child may proceed in his own right in a separate suit to establish such obligation. See State ex rel. Kramer v. Carroll, 309

S.W.2d 654 (Mo.App.1958). The other parent has no direct pecuniary interest in such litigation. The power of the court in the divorce action to provide for support of the child terminates when the child reaches 21. Plaintiff here had no standing to seek support money for an adult child in the divorce action and she is not aggrieved by the court's refusal to give her something it was without jurisdiction to give.

We have carefully examined the evidence, much of it conflicting or indefinite, concerning the needs of the children and the financial ability of the defendant to provide support. We find no abuse of discretion nor clear error in the.court award of $125 per month per child, nor in the amount of the attorneys fees awarded.

Judgment affirmed.

CLEMENS and McMILLIAN, JJ., concur.