Flossie E. MARTIN, Respondent,

v.

Wayne T. MARTIN, Appellant.

No. KCD 27256.

Missouri Court of Appeals,
Kansas City District.

Aug. 2, 1976.

Robert E. Gregg, Donald E. Raymond, Kansas City, for appellant.

W. Hugh McLaughlin, William J. Hill, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from decree of divorce and attendant award of child support. The question is whether the court exceeded its jurisdiction when it purported to award support for an adult child of the parties. Reversed in part and remanded.

Flossie E. and Wayne T. Martin were married September 15, 1951. To them were born four children: Daryl W., born March 16, 1952, Sharon P., born May 28, 1954, Sandra R., born June 7, 1955, and Marjorie E., born May 31, 1959.

The cause was tried November 15, 1973, on plaintiff's petition and defendant's amended cross-petition for divorce. On November 20, 1973, the court entered the decree, which provided: " * * * that the bonds of matrimony heretofore contracted between plaintiff and defendant be and the same are hereby dissolved * * * that the plaintiff have the care, custody and control of the dependent child, Daryl W. Martin, age 21, and the minor children, Sharon P. Martin, age 19, and Marjorie Martin, age 14, born of said marriage relation, * * * that defendant pay to plaintiff as support and maintenance of said children the sum of $56.00 per week, * * * that defendant pay to plaintiff as alimony the sum of $1.00 per month, * * * that defendant pay to plaintiff as attorney's fee the sum of $755.00 * * * and * * * recover * * * her costs * * *."

Appellant does not question the decree with respect to the divorce, custody, alimony, and attorney's fees and costs awards. He contends (I) that the child support award is excessive for the reason that it is beyond the needs of plaintiff and beyond the ability of defendant to pay; and (II) that the court exceeded its jurisdiction in attempting to award custody of and support for one adult and one emancipated child of the parties.

There is no question that Daryl W. Martin was over 21 years of age at the time the decree of divorce was entered; and the decree shows on its face that he is one of "said children" for whom plaintiff was awarded $56.00 per week as and for child support and maintenance.

■ Section 452.070, RSMo 1969, provides the authority for a court to enter orders touching maintenance of children when a divorce is adjudged. It "make[s] no provision for the maintenance of adult incapacitated children and the courts cannot write such a provision in the statute." *State v. Carroll*, 309 S.W.2d 654, 662[15] (Mo.App.1958). The power of a divorce court to make orders touching maintenance of children ceases with the minority of the children. *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762 (banc 1932). "Largely in reliance upon the commonly expressed rule that when a child of the parties to a divorce or separation action attains his majority, authority of the court over such child comes to an end, it has been held or recognized, except in a few scattered cases, that a court in a divorce or separation suit is without power to provide for the support of, or aid to, an adult child of the parties * * *." 162 ALR 1085. "This, of course, does not include the question of a parent's common-law liability for necessities furnished a dependent adult child or the power of a court to require a parent to support his adult child, otherwise than by virtue of a judgment in a divorce action or a proceeding based thereon." 162 ALR 1084.

■ In this latter sense a divorced wife can maintain an independent action for support of children in her custody who attain majority before entry of the divorce decree. *Kelly v. Kelly*, supra; *Fower v. Fower Estate*, 448 S.W.2d 585 (Mo.1970). Also, when a child reaches age twenty-one, his disability is removed and, if an obligation to provide support exists, the child may proceed in his own right in a separate suit to establish such obligation. An award of child support is made to the custodial parent for the benefit of children who because of minority lack legal status to bring suit direct-

ly against a parent. *Block v. Lieberman*, 506 S.W.2d 485 (Mo.App.1974).

Accordingly, the court's adjudication of an obligation to render support to an adult child was outside and beyond the jurisdiction of the divorce court, and cannot stand. *Meyer v. Meyer*, 493 S.W.2d 42, 47 (Mo.App.1973).

Respondent suggests that the child support award was not in excess of the court's jurisdiction for the reason that appellant "consented thereto, arbitrated it and acquiesced therein."

Although there is evidence of some understanding between Mr. and Mrs. Martin with respect to custody, housing, and support of their children, including the invalid adult, Daryl, there is nothing in the decree to indicate it to be a consent decree or a product of arbitration. Consent will not confer jurisdiction where none exists, and the record fails to show any attempt to convert this matter into a subject for statutory arbitration under Section 435.020, RSMo 1969.

Neither is it possible to determine from this decree how the child support award was to be apportioned between Daryl, Sharon, and Marjorie. Accordingly, the matter of a child support award needs to be reconsidered in entirety.

Respondent suggests also that none of the foregoing is for review because appellant did not preserve his point in his motion for new trial. "For appellate review of cases tried without a jury * * * [no] motion for new trial * * * is necessary to preserve any matter for appellate review." Rule 73.01.2(b), V.A.M.R.

Decree of divorce and attendant awards to plaintiff of child custody, alimony, attorney's fees and costs affirmed; award of child support reversed and cause remanded for further proceedings with respect to child support.

All concur.