Charlene Sue FAULKNER, Appellant,

v.

James Robert FAULKNER, Respondent.

No. 36772.

Missouri Court of Appeals,
St. Louis District.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Gordon F. Webb, Clayton, for appellant-petitioner.

Francis X. Duda, St. Louis, for respondent.

RENDLEN, Special Judge.

Charlene Sue Faulkner appeals those portions of her marriage dissolution decree relating to division of marital property and the awards of maintenance and child support. Neither party challenges the finding of the trial court that the marriage was irretrievably broken or the order dissolving the marriage.

By its decree the trial court ordered that respondent pay appellant $700.00 per month maintenance and pay to Beverly Faulkner, a child of the marriage, blind from birth and now more than twenty-one years of age, $300.00 per month for her support. The court further ordered that respondent transfer a policy of insurance on his life to appellant with the child, Beverly Faulkner designated beneficiary, the marital property was divided and each party ordered to pay one-half of the parties' tax liability for that year.

Appellant contends: (1) the decretal provision requiring appellant to pay one-half of the parties' joint or individual 1974 income tax liability was unenforceably vague, (2) that the awards of maintenance and support were inadequate and (3) that respondent was awarded an excessive share of the marital property.

▋ We consider first appellant's contention that the provision of the decree ordering that "Petitioner and Respondent shall each pay one-half of all tax liability on their joint or individual tax returns for calendar year 1974" is unenforceably vague, thus void and of no effect. The decree was entered in late December, 1974, when neither of the parties' taxable income nor their tax liability for the year was ascertainable.

Generally a decree ordering payment of money must specify with definiteness and certainty the amount to be paid so the order may be enforced at law. *Allison v. Allison,* 540 S.W.2d 635 (Mo.App.1976); *Loomstein v. Mercantile Trust National Association,* 507 S.W.2d 669 (Mo.App.1974); *Taylor v. Taylor,* 367 S.W.2d 58 (Mo.App.1963).

In *Taylor,* the trial court ordered the husband to pay alimony in the amount of twenty-five percent of his net income for each subsequent year. This court, on appeal, stressing the fact that the amount due required external proof, held the provision of the decree was unenforceably vague. Similarly, in *Loomstein,* the trial court had ordered the husband to pay all sums necessary for his daughter's college and graduate school tuition, books, room and board. Affirming the trial court's order quashing execution and garnishment, we held that the provision of the decree was so indefinite as to be unenforceable by execution. Other decisions applying the rule and rationale of *Taylor* when considering comparable indefinite orders as to payments of money in divorce decrees include *Goldstein v. Goldstein,* 237 Mo.App. 274, 165 S.W.2d 876 (1942); *Rodden v. Rodden,* 527 S.W.2d 41 (Mo.App.1975) and *Cradic v. Cradic,* 544 S.W.2d 605 (Mo.App.1976). These cases stress that the amounts allegedly due in such defective judgments require external proof and cannot be enforced by the regular process of the courts. In the case at bar the provision of the decree ordering appellant to pay one-half of the parties' joint or individual tax liability was indefinite as to amount and could not be ascertained at the time the decree was entered. That provision of the decree was thus incapable of enforcement at law and is held void.

▋ Turning now to the support allowed for Beverly Faulkner, the adult-handicapped daughter, the court was without jurisdiction to determine that issue as the claim for support is that of the daughter, not appellant, *Block v. Lieberman,* 506 S.W.2d 485 (Mo.App.1974), and absent service of process or consent of the daughter

the court had no jurisdiction over the person of Beverly Faulkner. *Germanese v. Champlin,* 540 S.W.2d 109 (Mo.App.1976). Not being bound by the judgment in the parents' dissolution proceeding, she may proceed in her own right to establish the parents' obligation for her support. *Lieberman v. Lieberman,* 517 S.W.2d 478 (Mo.App. 1974). At trial, counsel for the parties made a somewhat equivocal attempt to establish jurisdiction of the court as to the issue of support for the adult child by stipulation. However, the parties by agreement cannot confer jurisdiction on the court over the person of a non-party where it does not otherwise exist. The order awarding child support is void. In so ruling we do not pass on the question whether vel non such action with proper parties may be joined under appropriate procedure as a separate claim in a dissolution proceeding. However, as indicated above, an adult unmarried, unemancipated and insolvent and physically or mentally handicapped child may bring a separate action to determine the parental duty for support.

 We have examined the other issues presented on appeal challenging the adequacy of the award of maintenance and the award of marital property to the appellant-wife, or as stated in appellant's brief, the "excessive" award of marital property to respondent-husband, and find no basis for reversal of the court's decree in these matters. In our review of the record, argument, briefs and law, we have considered all relevant factors, including the criteria for maintenance awards set forth in § 452.-335, RSMo Supp. 1973, effective January 1, 1974, and those pertinent to division of marital property under § 452.330, RSMo Supp. 1973. While so doing we were mindful that by this opinion the requirement that appellant shall pay "one-half of all tax liabilities on their joint or individual tax returns for the calendar year 1974" is declared void.

Finding no reversible error as to these issues, it is unnecessary to burden the opinion with a detailed discussion of the facts that would have no precedential value.

We reverse and remand the judgment of the trial court and direct that judgment be entered as in the original decree, excepting however and deleting therefrom the provision for $300.00 monthly child support to Beverly Faulkner and the provision requiring the parties to each pay one-half of their tax liabilities for the calendar year 1974.

McMILLIAN, P. J., and STEWART, J., concur.