In re the MARRIAGE OF Nickie Harold GOODRICH and Wanda Lou Goodrich.

Wanda Lou Goodrich,
Movant-Respondent,

and

Nickie Harold Goodrich,
Respondent-Appellant.

No. 12146.

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 23, 1981.

Stephen R. Sharp, Kennett, for movant-respondent.

David W. Keathley, Poplar Bluff, for respondent-appellant.

PREWITT, Judge.

The parties' marriage was dissolved on May 11, 1976, and respondent received custody of the parties' 13-year-old female child. The court ordered appellant to pay respondent the sum of $300 per month for the support of the child. On March 8, 1977, appellant's motion to modify the court's decree by reducing the amount of child support was sustained and the child support reduced to $200 per month. On July 1, 1980, respondent filed a motion to modify the decree to increase the child support. A hearing was held on the motion on December 22, 1980, and on January 19, 1981, the trial court sustained the motion and set the amount of support at $300 per month.

Appellant has two points relied on. The first point contends that the trial court erred in sustaining respondent's motion to modify because respondent by a separation agreement, approved by the court, "contracted away and lost her individual standing and right to receive child support payments ... after the child attained the age of 18 years." He contends that respondent can no longer claim child support because the separation agreement, the court's decree approving it, and the court's order of modification all provided that child support would terminate when the daughter "attains the age of 18 years". The daughter became 18 in September of 1980.

Appellant claims that the child is the real party in interest and that the reason child support is awarded to the custodial parent is because the child lacks legal status to bring suit directly against a parent. He contends that since § 507.115, RSMo 1978, gives the child the right to bring suit at 18, her disability no longer exists and she can bring an action for any necessary support. Appellant requests that we hold that "after the child has attained the age of 18 and thereby is given the competence to enforce her own right of support, that the contracting party [respondent] is bound by the contract and can no longer enforce payment".

It has often been stated, when child support is sought by a custodial parent, that the child is the true party in interest and is represented by that parent because of the child's disability to sue by reason of minority, *V—— v. S——*, 579 S.W.2d 149, 152 (Mo.App.1979); *Martin v. Martin*, 539 S.W.2d 756, 757–758 (Mo.App.1976); *Block v. Lieberman*, 506 S.W.2d 485, 486 (Mo.App. 1974); and when the child becomes 21 the disability is removed and, if an obligation to provide support thereafter exists, the child must bring a separate suit to establish the obligation. *Martin v. Martin*, supra, 539

S.W.2d at 757; *Block v. Lieberman*, supra, 506 S.W.2d at 486.

■ At one time a child's right to sue without a next friend or guardian commenced at the same time that the right of a custodial parent to receive child support payments terminated. That is no longer true. Now, absent emancipation, the obligation of a parent to pay child support does not terminate until a child reaches 21 years of age, even though an 18-year-old can sue without a next friend or guardian. *Biermann v. Biermann*, 584 S.W.2d 106, 107 (Mo.App.1979). If the only reason, that a child is not required to seek support, is a legal disability to sue, that could be corrected by the appointment of a next friend or guardian. We think other reasons exist. Not only would it be impractical, but it could also strain the relationship between the child and a parent, if a child, whose parents were participating in a dissolution or separation proceeding, was forced to be a party or was forced to bring separate litigation to receive support.

■ An agreement of the parents does not affect the power and duty of the court to determine the matter of child support. Terms of a separation agreement with regard to child support, even though adopted by the court and incorporated in a decree, do not deprive the court of its authority to thereafter modify the support award. *Williams v. Williams*, 542 S.W.2d 563, 566 (Mo. App.1976).

■ We hold that in a dissolution proceeding the trial court, at the request of a parent, can make orders providing for support until the child reaches 21. Any agreement by the parties limiting that power was not binding on the court. Point one is denied.

Appellant's second point contends that the court erred in sustaining the motion to modify because there was not substantial evidence of a change of circumstances; that the modification decree was against the weight of the evidence; and there was no evidence that the order sought to be modified was unreasonable. We do not agree.

■ In considering whether there has been a sufficient change of circumstances, we look to the date of the last prior modification. *Farnsworth v. Farnsworth*, 553 S.W.2d 485, 487 (Mo.App.1977). Appellant sought and received that modification claiming he was "unemployed and ... financially unable to pay the amount of child support". He is now earning a substantial income and claimed no dependents on his 1979 tax return other than the parties' daughter. Appellant had income of over $23,000 for 1979. He estimated he would receive approximately $26,000 in 1980. At the time of the prior modification and until the fall of 1980, the child apparently lived with her mother most of the year. She is now attending college approximately 9 months a year in a different city. There was testimony that her college expenses approximate $4,000 per year. She will be staying with her mother during the summer.

■■ College expenses are properly considered as bearing upon the amount of child support. *In re Marriage of Roberts*, 592 S.W.2d 860, 862 (Mo.App.1979). Increased expenses of the child, caused mainly by additional education expenses, together with a substantial increase in the father's income, constitute sufficient changes for the trial court to increase child support. *Bettinger v. Bettinger*, 355 S.W.2d 354, 359 (Mo.App.1962). The daughter growing older, with an increase in her expenses, and an increase in appellant's income, are sufficient to support an increased award of child support. *Flynn v. Flynn*, 604 S.W.2d 785, 786 (Mo.App.1980). *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358 (Mo.App. 1977). The evidence here is sufficient to justify the increase granted.

The judgment is affirmed.

BILLINGS, P. J., and HOGAN and TITUS, JJ., concur.