**STATE of Missouri, DIVISION OF FAMILY SERVICES, Plaintiff-Respondent,**

v.

**Ricky D. HOLLIS, Defendant-Appellant.**

**No. 12613.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 13, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Sept. 7, 1982.

Michael R. Henry, Division of Gen. Counsel, Dept. of Social Services, Jefferson City, for plaintiff-respondent.

Roy W. Brown, Brown & Brown, Kansas City, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought reimbursement of $896 paid as "Aid to Families with Dependent Children" to defendant's ex-wife, Christy. Its petition alleged that this sum was paid "in order to provide for the necessaries of support for" two minor children of defendant and Christy. Following nonjury trial, judgment was entered for plaintiff. Defendant appeals.

The marriage of defendant and Christy was dissolved on February 2, 1981, and Christy was given custody of the two minor children. The decree did not mention child support. Christy received the aid from plaintiff from February 13, 1981 to May 1, 1981. She signed a Division of Family Services form which purported to assign to plaintiff "all vested, existing rights to receive support payments which are past due, currently due, or which will become due in the future to which I am entitled in my own behalf or in behalf of the child or children for whom I am applying for or receiving assistance payments".

Defendant contends that the judgment "is not supported by any credible evidence" because: (1) at the time of the purported assignment "no support rights had accrued"; (2) that plaintiff failed to notify the circuit court of the assignment as provided in § 208.040.5, RSMo 1978; and (3) "that the amount of child support owed was determined to be zero or was undetermined by the failure to so state a specific amount". We determine that these contentions have no merit.

The failure to mention child support in the decree is not a determination that support is not owed. Defendant's duty to support the children continued thereafter. A divorced father has the primary duty to support his minor children. *Clark v. Routt*, 453 S.W.2d 656, 657 (Mo.App.1970). See also § 452.340(1), RSMo 1978. That duty is not affected when the decree awards the mother custody of the children but is silent regarding their support. *Clark v. Routt*, supra, 453 S.W.2d at 657. See also *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762, 764 (banc 1932); *Broemmer v. Broemmer*, 219 S.W.2d 300, 303 (Mo.App.1949).

Missouri agrees with the majority of jurisdictions in holding that where a divorce decree grants custody to the mother but makes no provision for support and a third person thereafter supports or furnishes the child with necessaries, the father may be liable to the third person. *Kelly v. Kelly*, supra, 47 S.W.2d at 764; *Waller v. Mortz*, 294 S.W. 420, 421 (Mo.App.1927); Annot., 91 A.L.R.3d 530, 555–560 (1979).

There was evidence indicating that defendant did not feel he was obligated to furnish any support for the children and did not contribute to their support; that Christy did not have the means to support the children at the time the aid was given; and that the aid was necessary for the children's support. We believe the aid was shown to be a necessity. We see no reason, and none is urged, why the state cannot seek reimbursement for necessaries furnished for the benefit of minor children. While § 454.080, RSMo 1978, may not be applicable here, it certainly indicates a public policy approving of this type of reimbursement.

Whether the assignment was valid or whether it was nullified by the failure to notify the court rendering the dissolution decree of it does not change the result as plaintiff can maintain a common law action for necessaries furnished and neither the assignment nor notice of it to the circuit court are elements of that action.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.