**Edith ECKENROED, Appellant,**

v.

**Lloyd C. ECKENROED, Respondent.**

**No. WD 34467.**

Missouri Court of Appeals,
Western District.

Jan. 31, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1984.

Application to Transfer Denied May 15, 1984.

Alan L. Markowitz, Kansas City, for appellant.

John C. Russell, Raytown, for respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

KENNEDY, Judge.

The trial court dismissed as stating no claim for relief mother's motion to modify a child support judgment in a dissolution case. The "child" was an incapacitated dependent adult, 26 years old at the time of the dissolution decree and now 30. The original decree (March 23, 1978), in accordance with the stipulation of the parties, provided for $30 per week for his support. The motion to modify alleges a substantial change of circumstances and seeks an increase to $80 per week.

Mother has appealed the trial court's dismissal. She recognizes that *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762 (banc 1932), holds that a court in a divorce action may not award child support for a person who is not a minor. She points out, however, that *Kelly v. Kelly* was decided before our present dissolution code. She argues that § 452.340, RSMo 1978, enacted as a part of our Dissolution of Marriage Act effective January 1, 1974, has abrogated the Kelly rule. She emphasizes the language in § 452.340, "... the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable for his support ..." She then directs our attention to those cases which hold that a parent does have a duty of support of an incapacitated dependent adult child. *Fower v. Fower Estate*, 448 S.W.2d 585, 586 (Mo.1970); *Lieberman v.*

*Lieberman,* 517 S.W.2d 478, 480 (Mo.App. 1974); *State ex rel. Kramer v. Carroll,* 309 S.W.2d 654, 658–59 (Mo.App.1958).

We hold, however, that the duty to support an adult dependent child is not cognizable in a dissolution case to which the child himself is not a party. This was the ruling of the Eastern (then St. Louis) District of this court in *Faulkner v. Faulkner,* 559 S.W.2d 545 (Mo.App.1977), which was decided under the present Dissolution of Marriage Act. Judge, now Chief Justice, Rendlen, writing for that court, at 546–547, explained it this way:

Turning now to the support allowed for Beverly Faulkner, the adult-handicapped daughter, the court was without jurisdiction to determine that issue as the claim for support is that of the daughter, now appellant, *Block v. Lieberman,* 506 S.W.2d 485 (Mo.App.1974), and absent service of process or consent of the daughter the court had no jurisdiction over the person of Beverly Faulkner. *Germanese v. Champlin,* 540 S.W.2d 109 (Mo.App.1976). Not being bound by the judgment in the parents' dissolution proceeding, she may proceed in her own right to establish the parents' obligation for her support. *Lieberman v. Lieberman,* 517 S.W.2d 478 (Mo.App.1974). At trial, counsel for the parties made a somewhat equivocal attempt to establish jurisdiction of the court as to the issue of support for the adult child by stipulation. However, the parties by agreement cannot confer jurisdiction on the court over the person of a non-party where it does not otherwise exist. The order awarding child support is void. In so ruling we do not pass on the question whether vel non such action with proper parties may be joined under appropriate procedure as a separate claim in a dissolution proceeding. However, as indicated above, an adult unmarried, unemancipated and insolvent and physically or mentally handicapped child may bring a separate action to determine the parental duty for support.

We consider *Faulkner* dispositive of the question before us and so we affirm the judgment of the trial court.

All concur.