Richard T. COLE, Executor of the Estate of Ruth E. Long, Deceased, Plaintiff-Appellant,

v.

ESTATE OF Ralph J. ARMSTRONG, Deceased, Eleanor Adair Keeton Donica, Executrix, Defendant-Respondent.

No. 14031.

Missouri Court of Appeals, Southern District, Division One.

March 14, 1986.

Preston H. Longino, Raytown, for plaintiff-appellant.

W. Dale Burke, Monett, Emory Melton, Cassville, for defendant-respondent.

FLANIGAN, Judge.

The executor of the estate of Ruth E. Long, deceased, ("Ruth"), filed a claim against the estate of Ralph J. Armstrong, deceased, ("Ralph"), in the Probate Division of the Circuit Court of Barry County. A request for jury trial was sustained and the cause was transferred to Division 1 of the Circuit Court. Ralph's executrix filed a motion to dismiss which the trial court sustained. No evidence was introduced at the hearing on the motion. Ruth's executor appeals.

Ruth and Ralph were formerly husband and wife. A child, Margaret Armstrong, was born to the marriage on June 10, 1928. The marriage was terminated by divorce in 1931. Ralph died on April 12, 1981. The claim was filed on May 28, 1982.

In addition to its formal portions, the claim alleged that there was due Ruth's executor, as claimant, from Ralph's estate, "the sum of $230,058.51 on account of a common law claim for recovery of support and maintenance for necessities heretofore furnished Margaret Armstrong by her mother, Ruth E. Long and by her Estate from July 1, 1931 and for each and every year thereafter through April 12, 1981 from Ralph J. Armstrong, the natural father of the unemancipated, unmarried and physically incapacitated child who has been totally and permanently disabled by cerebral palsy since her birth in June, 1928."

The motion to dismiss was based on the ground that the claim failed "to state a cause of action upon which relief can be granted." In its order sustaining the motion, the trial court stated that the reason

for its ruling was that the claim could not be prosecuted by Ruth's executor, that a mother has no standing to seek support money for an adult child, and "that the real party in interest in this case is the daughter Margaret," who was not a party to the claim. For the reasons which follow, this court reverses the order of dismissal and remands.

Even after this action was lodged in Division 1, Rule 55,[1] dealing with pleadings and motions, did not apply to it for the reason that the latter tribunal did not order the application of Rule 55. See Rule 41.01(b).

"Motions are not specifically authorized by the probate code. However, to raise objections appearing on the face of the record and in other instances, motions are appropriate." Maus, Missouri Practice, Probate Law and Practice, Vol. 3 § 512, p. 514.

█ "A demand filed in probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court, and it is sufficient if it gives reasonable notice to the legal representative of the estate of the nature and extent of the claim and is sufficiently specific so that a judgment thereon will be res judicata of the obligation on which it is based." *Jensen v. Estate of McCall*, 426 S.W.2d 52, 55[2] (Mo.1968). See also *Estate of McCormack v. McCormack*, 676 S.W.2d 928, 930[3] (Mo.App.1984). In determining the propriety of the trial court's ruling, this court will assume the facts alleged in the claim to be true and will uphold the dismissal only if the claimant could not recover on any theory pleaded. *Estate of McCormack, supra*, at p. 930.

█ The claim does not allege, and the record does not reflect, the date of Ruth's death. It should be observed that the claim seeks recovery for necessities furnished Margaret by her mother Ruth and by Ruth's estate from 1931, the year of the divorce, until Ralph's death in 1981. The

claim also alleges that Margaret has been physically incapacitated, unemancipated, unmarried and totally disabled since her birth in June 1928. The claim does not state the respective values of the necessaries furnished by Ruth and those furnished by her estate.

A liberal construction of the claim permits the inference that Ruth died shortly, perhaps a month or two, before Ralph died. Because, as this court holds, the claim is sufficient to show a basis for recovery by Ruth's executor for necessaries furnished by Ruth during her lifetime, which may have ended only days prior to Ralph's death, this holding is sufficient to invalidate the dismissal. It is unnecessary to consider whether Ruth's executor may recover for necessaries Ruth's estate furnished Margaret after Ruth's death. The latter question has not been briefed by the parties and the inadequacy of the record makes it inadvisable for this court to address that issue.

Although the record reflects that Ralph and Ruth were divorced in 1931, when their daughter Margaret was three years old, there is no showing that the decree granted Ruth custody of Margaret. The claim must be accorded the reasonable inference that Ruth was granted her custody. The record fails to show whether the decree contained a provision for child support to be paid by Ralph. Margaret attained her majority in 1949. Since birth she has been physically incapacitated. From 1931, until Ralph's death in 1981, the reasonable inference is that Ralph contributed nothing to the support of Margaret.

█ When parents are divorced and the decree is silent with respect to child support, and the mother is awarded custody of the child, the father is liable to the mother for necessaries she has furnished the child, *State ex Rel. Div. of Fam. S. v. Standridge*, 676 S.W.2d 513, 515[5] (Mo. banc 1984); *In re Marriage of D.M.S.*, 648 S.W.2d 609, 615[9] (Mo.App.1983); *Hunter*

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

*v. Schwertfeger,* 407 S.W.2d 606, 609[8] (Mo.App.1966); *Lodahl v. Papenberg,* 277 S.W.2d 548, 551[5] (Mo.1955), and the mother may maintain a common law action in order to recover the value of those necessaries. *State ex Rel. Div. of Fam. S. v. Standridge,* supra; *Hunter v. Schwertfeger,* supra; *Broemmer v. Broemmer,* 219 S.W.2d 300, 303[3] (Mo.App.1949); *Smith v. Smith,* 300 S.W.2d 275, 279[4] (Mo.App. 1957); *Lodahl v. Papenberg,* supra; *Allen v. Allen,* 364 Mo. 955, 270 S.W.2d 33, 35[2] (1954); *Kelly v. Kelly,* 329 Mo. 992, 47 S.W.2d 762, 765[5] (banc 1932). The father's ability to pay is not an element of the mother's cause of action. *State ex Rel. Div. of Fam. S., supra.* When the mother seeks reimbursement from the father for past necessaries furnished a child, the statute of limitations may come into play with respect to her cause of action. *Allen v. Allen, supra,* 270 S.W.2d at 37–38.

■ At least with respect to a minor child, the primary duty to support is that of the father and not of the mother. *State ex Rel. Div. of Fam. S., supra; State, Div. of Family Services v. Hollis,* 639 S.W.2d 389, 390[3] (Mo.App.1982); *In re Marriage of D.M.S., supra; Broemmer v. Broemmer, supra; Lodahl v. Papenberg, supra.* See § 452.340(1). At least with respect to a minor child, the mother may be called upon to contribute to the support. *In re Marriage of D.M.S., supra,* 648 S.W.2d at 613.

■ The duty of the father to support a child ends at the death of the father, *Fower v. Fower Estate,* 448 S.W.2d 585, 587[4] (Mo.1970); *Gardine v. Cottey,* 360 Mo. 681, 230 S.W.2d 731 (banc 1950), even if the child is incapacitated. *Fower v. Fower Estate, supra.* The child may have certain rights with respect to his estate including, with respect to unmarried minor children, those provided by §§ 474.250, 474.260 and 474.290. If a divorce decree is not silent with respect to the amount of child support, but sets the amount of support the father must provide, that provision determines the extent of the father's liability. *In re Marriage of D.M.S., supra; Lodahl*

*v. Papenberg, supra; Gardine v. Cottey, supra.*

■ The power of a divorce court to provide for the support of a child ends when the child attains majority, *State v. Carroll,* 309 S.W.2d 654, 662[15] (Mo.App. 1958); *Martin v. Martin,* 539 S.W.2d 756, 757[2] (Mo.App.1976); *Block v. Lieberman,* 506 S.W.2d 485, 486[2] (Mo.App.1974), even if the child is incapacitated, *State v. Carroll, supra; Martin v. Martin, supra,* at least when the child is not a party, *Eckenroed v. Eckenroed,* 668 S.W.2d 104, 105 (Mo.App.1984); *Faulkner v. Faulkner,* 559 S.W.2d 545, 547 (Mo.App.1977).

■ Where the support of the child has been furnished by the mother, the child himself may not maintain an action against his father for past necessaries which his mother has furnished because to hold otherwise would allow the child a double recovery. *Fower v. Fower, supra,* 448 S.W.2d at 586–587[3].

■ Where a father is under a duty to furnish necessaries to a child, and fails to do so, a third person furnishing those necessaries has a cause of action against the father to recover their value, at least unless the necessaries were furnished "gratuitously," *State ex Rel. Div. of Fam. S., supra; State, Div. of Family Services v. Hollis, supra,* or "officiously." See Restatement of Restitution, § 113. See especially 42 A.L.R. 150 (Liability of parent for necessaries furnished to adult child; cases at p. 154 deal with adult incapacitated children).

■ In the absence of special circumstances a parent is under no duty to support an adult child. *Lieberman v. Lieberman,* 517 S.W.2d 478 (Mo.App.1974); *State v. Carroll, supra.* The duty of the parent to support a minor child continues after the child attains adulthood if the child is unmarried, unemancipated, insolvent and, by reason of physical or mental conditions, incapable of supporting himself. *Lieberman v. Lieberman, supra; Fower v. Fower Estate, supra; State v. Carroll, supra;* 1 A.L.R.2d 910 (Parent's obligation

to support adult child); 67A C.J.S. Parent and Child § 62, p. 363; 59 Am.Jur.2d Parent and Child § 103, p. 202. For purposes of child support, a child reaches his majority at the age of 21. *Orth v. Orth,* 637 S.W.2d 201, 205[2] (Mo.App.1982); *In re Marriage of Goodrich,* 622 S.W.2d 411, 413 (Mo.App.1981). If the duty to support exists after the child reaches 21, the child may bring a separate suit against the parent to establish the duty to support. *In re Marriage of Goodrich, supra; Faulkner v. Faulkner, supra; Block v. Lieberman, supra.*

The claim alleges that Ruth, prior to the death of Ralph, and within months of that death, furnished necessaries to Margaret, an adult child of Ruth and Ralph, who had been incapacitated since her birth. At least during Margaret's minority, the primary duty to support Margaret rested upon Ralph, and that duty, in view of Margaret's incapacity, continued into her adulthood. Ruth, as the parent who furnished Margaret's necessaries during the years immediately preceding Ralph's death, was entitled at least to contribution, if not reimbursement, for her expenditures. Cf. 59 Am. Jur.2d Parent and Child § 66, p. 157, and § 103, p. 202. The cause of action against Ralph's estate for the necessaries furnished Margaret by Ruth was in Ruth, rather than Margaret, for the latter had already received them and was not entitled to double recovery.

In making its ruling, the trial court relied primarily on *Block v. Lieberman, supra,* and *Faulkner v. Faulkner, supra.* In this court, Ralph's executrix, seeking to uphold the dismissal, relies primarily upon Block and Faulkner, as well as *In re Marriage of Goodrich, supra.*

In *Block,* by a motion to modify filed in a divorce proceeding, the divorced wife sought an order requiring the father to pay future support of an adult son who was not incapacitated. The support was sought for college expenses. The court held that the jurisdiction of a divorce court to provide for support of minor children ceases with their minority. This case differs from *Block* in that the instant action, which is not a divorce proceeding, seeks recovery for *past* support, and involves an *incapacitated* adult child.

In *Faulkner,* a divorce proceeding, the trial court ordered the father to pay $700 per month support to an incapacitated adult child. The court held that the divorce court was without jurisdiction to grant that support because the claim for support was that of the daughter and not of the wife and the daughter was not a party to the proceeding. Unlike *Faulkner,* the instant action is not a divorce proceeding, nor does it deal with a request for *future* support of the child.

In *Goodrich,* a divorce proceeding, this court upheld the award of child support to the wife for the benefit of a child between the ages of 18 and 21, and held that the college expenses of the child were properly considered as bearing upon the amount of child support. Clearly the facts in *Goodrich* are distinguishable from those here.

The order dismissing the claim is reversed and the cause is remanded for further proceedings consistent herewith.

TITUS, P.J., and GREENE, J., concur.