**In re the Marriage of Shirley I'Lee TRIMBLE, Petitioner,**

v.

**John Thomas TRIMBLE, Respondent,**

**and**

**Vince Howard Trimble, Intervenor–Appellant.**

### No. 53724.

Missouri Court of Appeals, Eastern District, Division One.

March 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1988.

Application to Transfer Denied June 14, 1988.

Kenneth S. Lay, Robert Engel Tucker, Clayton, for intervenor-appellant.

Susan Kreher Roach, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

This appeal arises from the dissolution proceeding between Shirley Trimble (mother) and John Trimble (father) pending in the Circuit Court of St. Louis County. The trial court granted intervenor-appellant Vince Trimble, a mentally infirm adult, leave to intervene in his parents' dissolution proceeding and appointed mother to act for intervenor as next friend. Intervenor appeals from trial court order which dismissed his motion for temporary support pendente lite from father. We affirm.

Mother filed a petition for support on behalf of intervenor asking the court to order father to make periodic support payments. Father filed a motion to dismiss the petition for support which the trial court overruled. The court then granted father's motion for a continuance on the petition for support and ruled that it would hear the petition with the petitions for dissolution filed by mother and father. Mother then filed a motion for temporary support pendente lite on behalf of intervenor asking the court to order father to make support payments during the pendency of the dissolution proceeding. Father filed a motion to dismiss intervenor's motion for temporary support which the court sustained without setting forth a basis for its ruling.

On appeal intervenor argues that the trial court erred in dismissing his motion for temporary support in that a parent has a duty to support an incapacitated dependent adult child. Intervenor further argues that this duty may be imposed by a court in a pending dissolution proceeding in which the child has been made a party. We agree that a parent may have a duty to support

an incapacitated, unemancipated, insolvent adult child. *Fower v. Fower Estate*, 448 S.W.2d 585, 586 (Mo.1970); *Cole v. Estate of Armstrong*, 707 S.W.2d 459, 462 (Mo. App., S.D.1986). Further, the determination as to whether such a duty exists will involve common questions of fact and thus can be properly joined in the parents' dissolution proceeding. RSMo § 507.090.2 (1986).

In his motion to dismiss intervenor's motion for temporary support father alleged several bases upon which he sought dismissal of intervenor's motion for temporary support. Only one argument set forth in father's motion would support the trial court's ruling. Father argued in his motion that he was adequately providing for both mother and intervenor pursuant to the pendente lite order in which the court ordered father to pay the mortgage on the family home, the utilities, payment on mother's automobile, $500.00 in attorneys fees and $800.00 per month to mother. Father alleges in brief that his payments under the order total $2,600.00 per month. The pendente lite award was obviously before the trial court when it ruled on intervenor's motion. Trial courts have broad discretion in ruling on matters affecting maintenance and support pendente lite. *Tygett v. Tygett*, 639 S.W.2d 282, 284 (Mo. App., E.D.1982); *In re Marriage of Newman*, 601 S.W.2d 632, 633 (Mo.App., S.D. 1980). We do not hold that an incapacitated, unemancipated, insolvent adult child is not entitled to temporary support pendente lite. We do find that it was within the trial court's discretion to decline to make such an award.

Intervenor will have the opportunity to litigate his claim for permanent support at his parent's dissolution proceeding. The trial court did not abuse its discretion in dismissing intervenor's motion for temporary support. Affirmed.

REINHARD and CRIST, J., concur.