**Ruth CUNNINGHAM,
Plaintiff–Appellant,**

v.

**Robert CUNNINGHAM,
Defendant–Respondent.**

No. 16933.

Missouri Court of Appeals,
Southern District,
Division One.

March 20, 1991.

Stephen P. Seigel, Springfield, for plaintiff-appellant.

John R. Courtney, Courtney & Peebles, P.C., Springfield, for defendant-respondent.

MAUS, Presiding Judge.

In this action, Ruth Cunningham (wife) seeks to recover her attorney's fee and expenses incurred in enforcing a stipulation modifying a dissolution decree. She bases her right to recover upon a clause of that stipulation. The trial court, in a non-jury trial, awarded her $500.00. The wife appeals.

The parties entered into a separation agreement on December 7, 1971. They were divorced December 17, 1971, and apparently the terms of that agreement were incorporated in the decree of divorce. On April 7, 1977, Robert Cunningham (husband) filed a motion to modify that decree. On June 1, 1977, the parties entered into the stipulation which is the basis for this action. In general, that stipulation was for "compromising all disputes between them." The particular provisions of that stipulation dispositive of this case are as follows.

The husband would pay maintenance of $175.00 per month to the wife until the installment due on July 4, 1978 was paid. Thereafter, the husband was not obligated to pay maintenance. The stipulation recited that the children of the parties were emancipated and all child support due by the husband to the wife had been paid.

By a separate clause, the husband agreed to "continue to maintain a policy of life insurance on his life in the amount of not less than Ten Thousand ($10,000.00) Dollars designating wife as beneficiary, and such beneficiary designation shall be irrevocable. Husband agrees to furnish Wife with the insurance policy or evidence thereof and to furnish Wife with evidence that such policy continues to be in effect."

The stipulation further provided the "[h]usband's obligations regarding the insurance ... should continue throughout his lifetime irrespective of his obligation to pay child support and/or alimony...." The concluding paragraph of the stipulation was: "9. If this agreement is not performed in accordance with its terms, the breaching party agrees to pay all costs of enforcing this agreement, including a reasonable attorney fee in addition to any damages or other relief awarded."

In 1987, the wife's health deteriorated. She heard the husband was semi-retired. She became concerned that the policy which the husband carried, as called for by the stipulation, might not be in effect. She inquired, presumably of the insurer, and learned that she was not designated as a beneficiary on a policy as required by the stipulation.

A family friend lived with and was employed by the wife to assist the wife and her mother. The wife designated him as her agent to investigate the matter. He called the husband. The husband told him he had changed the beneficiary when his obligation to pay maintenance terminated. The husband testified a lawyer had advised him that his obligation had terminated at that time. The wife's agent then came from Kansas to Springfield, Missouri to hire a lawyer to enforce the agreement. A lawyer was hired. The husband did not respond to a letter from that lawyer. This action was then filed.

The husband then hired his present counsel. The husband was obviously advised his insurance obligation did not end when maintenance terminated. The husband then caused the wife to be irrevocably named as beneficiary under an insurance policy, as provided by the stipulation. Following an exchange of letters between the lawyers on December 9, 1988, it appeared the matter was settled and the case was to be dismissed. However, for a reason not explained in the record, the case was tried.

The evidence developed the history of the controversy. That included a letter written ten months before the trial from the insurance company advising the wife that:

"The beneficiary change form for the Retired Group Life Plan # GLG–9839, Cert. # 14231, indicating that $10,000. of the proceeds shall be payable to you and that the right to change the beneficiary on this $10,000. is not reserved was signed by Mr. Cunningham on 1–27–89.

Also, Mr. Cunningham has requested that we advise you of any event which would terminate or reduce the benefits

payable to you upon his death. Our file has been marked accordingly."

The issue tried was the amount of expenses to be awarded to the wife. She introduced a statement of her expenses which was based upon the compensation of and expenses of her agent on two trips to Springfield. The first was for eleven days in September 1988 to pursue the litigation. The second was for three days in March 1989. The statement also included an attorney's fee of $750.00. The total was $2,460.09. At the conclusion of her testimony, the wife said she was asking the court to award her the expenses shown on the statement.

The trial court made limited findings of fact. It found the wife did not mitigate her damages and that mitigation of damages is required in this state. It entered judgment for the wife for $400.00 attorney fees and $100.00 for miscellaneous expenses. Costs were assessed against the husband.

Wife's sole point on appeal is that the award of only $500.00 "was an abuse of discretion of the Court as there was no evidence to support said judgment, and was against the weight of the uncontroverted evidence introduced at trial that Appellant had sustained damage in the amount of Two Thousand Four Hundred Sixty and .09 Dollars ($2,460.09)." Her first argument to support this point is that the husband did not plead the defense of mitigation of damages. This reason is no basis for reversing the judgment of the trial court.

Even if the judgment of the trial court rested solely upon the affirmative defense of mitigation of damages, the issue of the reasonableness and necessity of the wife's claimed expenses was tried by consent. This issue was before the court. *Nicklas v. Lincoln Liberty Life Ins. Co.*, 518 S.W.2d 106 (Mo.App.1974).

"Mitigation of damages as a generally recognized principle of law is also known as the rule of avoidable consequences. The rule requires that one damaged through alleged breach by another of some legal duty or obligation make reasonable efforts to minimize the resulting damage." *Braun v. Lorenz*, 585 S.W.2d 102, 108 (Mo.App.1979).

Under this doctrine, the wife was obligated to incur only a reasonable attorney's fee and reasonable expenses.

More fundamentally, the extent of the wife's right to recover is limited by the terms of the stipulation. The term "costs" usually refers only to the costs directly involved in the conduct of litigation. However, for the purpose of this case, it may be assumed the term, as used in the stipulation, includes other expenses actually necessary and reasonable to enforce the stipulation. Even in the absence of an express limitation, an agreement to pay the costs of litigation is not construed as a carte blanche authorization to incur unlimited expenses. It is limited to necessary and reasonable expenses. *Swift Transp. Co., Inc. v. Swearengin*, 709 S.W.2d 130 (Mo.App. 1986); *Emmons v. Winters*, 627 S.W.2d 904 (Mo.App.1982); 22 Am.Jur.2d, Damages, § 507, at p. 590. Further, in this instance, the stipulation expressly limits the wife's recovery to "a reasonable attorney fee". The limitation of reasonableness extends to other expenses incurred in enforcing the stipulation.

The wife's second argument to support her point is that "[a]ll of the evidence at trial, which was uncontroverted and admitted without objection, support[s] Appellant's claim for damages in the amount of $2,460.09."

"The terms of the note also *provided for the award of attorney's fees*, and plaintiffs presented undisputed evidence as to the amount of their attorney's fees. The court, as an expert on attorney's fees, may award *reasonable amounts* as a matter of law. *Oberkrom v. Oberkrom*, 608 S.W.2d 449 (Mo.App.1980), *Carondelet Savings & Loan Association v. Boyer*, 595 S.W.2d 744 (Mo.App.1980)." *Campbell v. Kelley*, 719 S.W.2d 769, 772 (Mo. banc 1986). (Emphasis added).

Further, "when, as here, the court nisi is the trier of the facts, it has leave to believe all, part or none of the testimony of any witness albeit such testimony is uncontradicted." *Alice v. Ronald*, 683 S.W.2d 307,

310 (Mo.App.1984). This rule applies even though the evidence is embodied in a document. *Robinson v. Powers,* 777 S.W.2d 675 (Mo.App.1989). The trial court was not required to accept as reasonable the expenses set forth on the statement even though those expenses were not directly contradicted by other evidence. For example, it was not required to find that it was reasonable to spend eleven days to find an attorney to handle the wife's case. "[I]tems of special damage ... to be allowed must be supported by substantial evidence of their reasonable value." *Begley v. Adaber Realty & Inv. Co.,* 358 S.W.2d 785, 795 (Mo.1962). The trial court obviously rejected the expenses shown on the statement as not reasonable.

The judgment of the trial court does not erroneously declare or apply the law and is supported by the evidence and must be sustained. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.