**Robert L. HEIDER, Appellant/Cross–Respondent,**

v.

**Marijo L. HEIDER, Respondent/Cross–Appellant.**

No. 58899.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Application to Transfer Denied
Feb. 25, 1992.

Lawrence G. Gillespie, Thomas J. Frawley, Webster Groves, for appellant/cross-respondent.

Lamar E. Ottsen, Jr., Bart Steven Brand, Moline, Ottsen, Mauze Leggat & Shostak, Adrienne E. Anderson, Braun, Stewart & Anderson, Clayton, for respondent/cross-appellant.

REINHARD, Presiding Judge.

The parties' marriage was dissolved on September 27, 1988. At that time, the parties had a mentally incapacitated daughter, Katherine, who had been born on October 4, 1967. When the child reached the age of 22 years, she was still incapacitated and, shortly thereafter, Father discontinued payment of support for her. Mother sought to affect wage withholding under

§ 452.350, RSMo 1987. Father filed a motion to quash which was denied. He appeals. Mother appeals from an order which awarded her only $500.00 for attorney fees. We affirm both appeals.

A separation agreement, prior to the dissolution, was entered into between the parties and was incorporated into the decree. It provided in part:

> The parties agree, after examining all relevant factors, including the situation of both parties and their children at the present time, that Katherine E. Heider is mentally incapacitated from supporting herself, insolvent and unmarried and that it is reasonable for and HUSBAND agrees to pay as follows:
>
>> (a) $437.50 each month for support of Katherine E. Heider until she attains the age of twenty-one (21) and $265.00 each month thereafter so long as she is hospitalized at Menninger Foundation. If Katherine E. Heider lives in Respondent's home, but is still mentally incapacitated from supporting herself, HUSBAND shall pay $437.50 each month until she is no longer mentally incapacitated from supporting herself;

The agreement also provided for Father to pay $437.50 a month in support for a healthy minor son, Matthew.

On April 2, 1990, Mother filed an Application to Effect Wage Withholding alleging that Father was delinquent in support in the amount of $1,002.75. The monthly support obligation was alleged as $702.50. Father filed a motion to quash. In an affidavit filed with the trial court, father agreed that Mother's calculations regarding the support unpaid were correct. However, he argued to the trial court that he owed no child support to Mother after the child's twenty-second birthday. The trial court denied Father's motion.

 In Father's sole point on appeal he alleges he had no duty to make support payments to Mother for his mentally incapacitated child after her twenty-second birthday. Prior to 1988, the duty of a parent to support an unmarried, insolvent, incapacitated child continued past the age of majority if the child was incapable of supporting himself. *Cole v. Estate of Armstrong,* 707 S.W.2d 459, 462 (Mo.App. 1986). However, this duty was owed not to the custodial parent, but to the child who may bring a separate suit against the parent to establish the duty of support. *Id.* at 462–463. In 1988 the Missouri legislature amended child support law with § 452.340, RSMo 1988. It provides in pertinent part:

> 3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:
>
> \* \* \* \* \* \*
>
> (5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply.
>
> 4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

In the recent case of *D.R.S. v. P.W.S.,* 817 S.W.2d 615 (Mo.App.S.D., 1991), the Southern District rejected the contention that the duty of support of an incapacitated child, fixed by a dissolution decree, terminated upon the child reaching a specific age. Appellant there argued that § 452.-340(4) should "synchronize" with the preexisting common law in which a parent's duty to support an adult child was owed only to the child. The court was unpersuaded. The court noted that when those preexisting cases were decided, there was no statutory authorization for extension of the support obligation past majority in favor of the other parent, but it construed § 452.340(4) to provide such authorization. The Southern District affirmed the trial court's decision to continue child support payments to the mother for a 21 year old incapacitated child. The court relied on the exception in subsection 4 of § 452.340 to extend the support payments to the mother for the child past the child's eighteenth birthday, noting that subsection 4 contains no age limitation. *D.R.S. v. P.W.S.* controls here and supports the trial court's denial of Father's motion to quash.

In addition to the statute, we note father agreed to the child support terms in the separation agreement with Mother. It is clear that a parent can bind himself to make support payments past the child's majority by agreement. *Sheahan v. Sheahan,* 721 S.W.2d 81, 86 (Mo.App.1986). Father agreed to pay a sum certain for as long as Katherine was incapacitated and he is bound by the terms of his agreement. Nothing prohibits Father from seeking a modification as provided for in the statutes should it be warranted by future circumstances.

On her cross-appeal, Mother argues the trial court erred in sustaining only in part her cross-motion to amend judgment and order Father to pay her legal costs and attorney fees. Section 452.355(2), RSMo 1988, provides:

> In any proceeding in which the nonpayment of child support is an issue under the provisions of a temporary or permanent court order or decree, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor to pay a reasonable amount for the cost of the suit to the obligee, including sums for legal services. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

A trial court's award under this statute should be overturned only when it is shown to have abused its discretion. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo. banc 1979). The trial court is not required to grant the entire amount requested. *Cunningham v. Cunningham,* 805 S.W.2d 363, 365–366 (Mo.App.1991). We do not find the trial court abused its discretion by granting Mother a partial award of the costs and attorney fees she sought.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.